[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #102
The defendant, D'Andrea's Pharmacy, moves to strike the second count of the complaint setting forth three reasons why such count fails to state a cause of action. Since the first basis for the motion to strike does not address the merits of the case against the pharmacy, the court will resolve the issues based upon the second and third grounds raised.
Essentially, the plaintiff alleges that the pharmacy had a duty to warn of possible side effects of the medication prescribed by the co-defendant physician. The pharmacy claims that it has no duty to warn as a matter of law and, that if such a duty did exist, the exercise of that duty would involve professional judgment making it a "health care provider" thus CT Page 4459 requiring a good faith certificate be attached to the complaint pursuant to C.G.S. 52-190a.
Generally, the existence of a duty is a question of law, whereas the question of whether there has been a breach of a duty is a question of fact. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 171 (1988). The court is inclined to agree with the argument of the pharmacy that absent special circumstances, it has no duty to warn as to possible side effects of medication prescribed by a physician. It would seem logical that the pharmacy's duty would be to accurately fill the prescription. The question arises, however, as to whether the existence or non-existence of such a duty is within the knowledge of a lay person, or does it require expert testimony as to where such a duty may rest. It is to be noted that the majority of the cases cited by the defendant pharmacy in support of its position that no duty to warn exists, arose in the context of motions for summary judgment which presumably encompassed the filing of supporting affidavits.
Regardless of how that question may be answered, however, it is the court's opinion that the motion to strike must be granted. If the existence of the alleged duty is one which must be resolved through expert opinion, then the pharmacy would necessarily be exercising professional judgment and would be a "health care provider." That being the case the absence of the good faith certificate required by 52-190a renders the case subject to a motion to strike. LeConche v. Elligers, 215 Conn. 701,711 (1990).
For the above reasons the motion to strike is granted.
Bruce W. Thompson, Judge