[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed March 25, 1997
This proceeding was instituted against the defendant, Corning Clinical Laboratories, Inc. (Corning), formerly known as Metpath New England, a blood testing facility. In a two count complaint, the plaintiff alleges that on or about August 10, 1993, he gave blood to Corning for the purpose of being tested for the AIDS virus. He asserts that Corning performed an analysis of his blood CT Page 1993 and concluded that he was HIV positive. This was communicated to him by an HIV counselor. Upon hearing this result, the plaintiff requested another test, at which point the counselor stated that a second test was unnecessary because Corning had tested the blood twice and that there would be no further testing. Subsequently, between October and December 1993, the plaintiff submitted to three additional blood analyses at locations other than Corning, and each test was returned nonreactive, indicating that the plaintiff was not, in fact, infected with the HIV virus.
In count one, the plaintiff alleges that Corning, its agents, servant and/or employees were careless and negligent in one or more of the following ways: (1) in that they knew or should have known that informing the plaintiff that his HIV test results were positive when, in fact, they were negative, involved an unreasonable risk of causing, and did cause, emotional distress to the plaintiff; (2) in that they knew or should have known that improperly reading the results of the plaintiffs HIV test involved an unreasonable risk of causing, and did cause, emotional distress to the plaintiff; (3) in that they knew or should have known that informing the plaintiff that his HIV test results were positive when, in fact, they were negative, without first requesting either a second opinion as to the test results or that the plaintiff undergo further testing, involved an unreasonable risk of causing, and did cause, emotional distress to the plaintiff; (4) in that they failed to provide the plaintiff with an explanation of the nature of AIDS and HIV-related illness and information about behaviors known to cause risk for transmission of HIV infections; and (5) in that, at the time the HIV-related test results were communicated to the plaintiff, they failed to provide him with counseling or referrals for counseling.
The plaintiff alleges that as a direct and proximate result of the defendant's conduct, the plaintiff has suffered and continues to suffer various injuries, including: (1) severe emotional distress; (2) increased feelings of fear, anxiety, humiliation and depression; (3) the onset and exacerbation of physical ailments, such as headaches, loss of sleep, nausea and loss of appetite; and (4) the need of continuing psychotherapeutic care and treatment.
Count two is brought under Sec. 19a-590 of the General Statutes.[1] The plaintiff realleges the facts alleged in count one and asserts that his injuries were directly and proximately CT Page 1994 caused by the wilful acts and omissions of the defendant in failing to provide the plaintiff with information and counseling or referrals for counseling as required by Sec. 19a-582 (c) and (d) of the General Statutes.[2]
On October 8, 1996, Corning filed a motion to strike the plaintiff's complaint in whole and in part. It asserts that the entire complaint is legally insufficient in that the plaintiff failed to provide a good faith certificate as required by Sec.52-190a of the General Statutes. It also argues that the second count of the complaint is legally insufficient in that it fails to allege wilful conduct on the part of the defendant. It appears that the plaintiff has not filed an opposition to the defendant's motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOCGroup, Inc., 224 Conn. 210, 214-15 (1992). The motion to strike admits all facts well-pleaded, RK Constructors, Inc. v. FuscoCorp., 231 Conn. 381, 383 n. 2. (1994), but not any legal conclusions contained in the complaint. Maloney v. Conroy,208 Conn. 392, 394 (1988). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Novametrix Medical Systems v. BOC Group Inc., supra
"General Statutes [§]52-190a requires a plaintiff in a medical malpractice action to file a certificate of good faith evidencing that he or she has made a reasonable inquiry `to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant.' General Statutes [§]52-190a." Yale UniversitySchool of Medicine v. McCarthy, 26 Conn. App. 497, 501
(1992).[3] The filing of a good faith certificate may be viewed as essential to the legal sufficiency of a medical malpractice complaint and "the absence from a complaint of the statutorily required good faith certificate [in a medical malpractice action] renders the complaint subject to a motion to strike pursuant to Practice Book [§]152(1) for failure to state a claim upon which relief can be granted." LeConche v. Elligers,215 Conn. 701, 711 (1990); see also Yale University School of Medicine v.McCarthy, supra, 501-02. CT Page 1995
The issue before the court, then, is whether the plaintiffs complaint in the present action is subject to requirements of § 52-190a. This determination requires making two inquiries: whether the defendant blood testing facility is a "health care provider" under § 52-190a and, if so, whether the plaintiffs cause of action is the type of action contemplated by the statute as one requiring a certificate of good faith.
Section 52-184b of the General Statutes defines "health care provider" as "any person, corporation, facility or institution licensed by this state to provide health care or professional services, or an officer, employee or agent thereof acting in the course and scope of his employment."[4] The plaintiff in the present action alleges that the defendant "maintained and operated a blood testing facility open to the general public," and "was at all times relevant hereto, duly licensed by the State of Connecticut." Given that this court's independent research has not revealed any appellate authority further specifying the requisite characteristics of a "health care provider" pursuant to § 52-190a, it appears that under the broad language of the statute, the defendant blood testing facility could reasonably be characterized as a facility licensed by this state to provide professional health services. This conclusion is in accord with two other Superior Court cases that have held, respectively, that a pharmacist and a pharmacy are health care providers. See Shawv. Caldor, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 135645 (February 23, 1995) (Lewis, J., 13 CONN. L. RPTR. 524); Carafeno v. Gordon,
Superior Court, judicial district of New Haven at New Haven, Docket No. 343687 (May 6, 1993) (Thompson, J.,9 CONN. L. RPTR. 88, 8 CSCR 607).
Because the defendant blood testing facility could reasonably be construed as a "health care provider" under § 52-190a, this court must now determine whether the plaintiff's claims fall within the types of actions contemplated by the statute. As noted above, § 52-190a has been construed as requiring a certificate of good faith in medical malpractice actions. SeeLeConche v. Elligers, supra; Yale University School of Medicinev. McCarthy, supra. However, two Superior Court cases have held that actions against health care providers sounding in ordinary negligence, rather than medical malpractice, do not require good faith certificates because in straight negligence actions, there are no uniquely medical issues requiring expert testimony to establish the standard of care. See Shaw v. Caldor, Inc., supra;CT Page 1996Delaney v. Newington Children's Hospital, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 524063 (May 9, 1994) (Wagner, J., 9 C.S.C.R. 692). This conclusion is supported by the reference in § 52-190a to evidence of "medical negligence."[5] (Emphasis added.) Therefore, does the cause of action in the present case sound in medical malpractice or ordinary negligence?
"Whether the plaintiffs cause of action is one for malpractice depends upon the definition of that word and the allegations of the complaint . . . Malpractice is commonly defined as the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss, or damage to the recipient of those services." (Citation omitted; internal quotation marks omitted.) Barnes v. Schlein,192 Conn. 732, 735 (1984). When the standard of care alleged to have been breached in a negligence action is provable without expert medical testimony as to the medical standard of care, the action sounds in simple negligence rather than medical malpractice. Badrigian v. Elmcrest Psychiatric Institute, Inc.,6 Conn. App. 383, 386 (1986).
Reading the allegations contained in the complaint in the light most favorable to the plaintiff, the plaintiffs claim in count one sounds in ordinary negligence, not medical malpractice. In the present case, the plaintiff has alleged a breach of an ordinary standard of care owed by a reasonably prudent person under the particular facts and circumstances alleged. The plaintiff has not alleged negligence in performing any medical procedure, but has claimed instead that the defendant breached a duty of ordinary care in informing the plaintiff that he was HIV positive when he was not. Because there is no uniquely medical issue to be determined under the allegations of this case, the court will not need to hear expert testimony to establish the standard of care owed to the plaintiff under the circumstances alleged. See Badrigian v. Elmcrest Psychiatric Institute, Inc.,supra (affirming trial court's determination that the defendant psychiatric institute's alleged failure to provide a supervisor to monitor the decedent patient in crossing the highway was not a medical procedure, and therefore constituted an allegation of simple negligence rather than medical malpractice); Shaw v.Caldor, Inc., supra (holding that the plaintiffs claim that the defendant pharmacist negligently failed to properly fill a CT Page 1997 prescription for the plaintiff, causing the plaintiff to become very ill, constituted an allegation of a breach of a duty of ordinary care, not of a professional standard of care, and therefore the action did not require expert testimony, was not a malpractice claim, and did not require a certificate of good faith); Delaney v. Newington Children's Hospital, supra
(concluding that alleged negligent supervision of minor psychiatric patient did not rise to the level of a medical malpractice claim because no uniquely medical issues were required to be determined, therefore no good faith certificate required). Therefore, because this action sounds in ordinary negligence, a certificate of good faith is not required under § 52-190 and the motion to strike count one on this ground cannot prevail.
In count two, the plaintiff incorporates the facts alleged in count one and further alleges that the defendant wilfully failed to provide the plaintiff with information and counseling or referrals for counseling as required by Section 19a-582 (c) and (d) of the General Statutes. He asserts that count two is brought pursuant to Section 19a-590 of the General Statutes, which allows a private cause of action for a wilful violation of any provision within Chapter 368x concerning AIDS testing and medical information.[6] Because this count alleges wilful rather than negligent conduct, this count is not subject to the requirements § 52-190a, which apply only to actions based upon negligence.[7] Therefore, count two survives the assault of the motion to strike for failure to attach a good faith certificate.
Finally, the defendant argues that count two is legally insufficient in that it fails to allege wilful conduct on the part of the defendant. The defendant argues that wilful misconduct is defined as intentional conduct designed to injure for which there is no just cause or excuse and asserts that both the action producing the injury and the injury itself must be intentional. The defendant asserts that the mere use of the word "wilful" in count two does not transform the plaintiffs allegations into a colorable cause of action under § 19a-590.
Our Supreme Court, however, has defined a wilful violation of § 19a-590 as a knowing violation, as opposed to an inadvertent or intentional violation. Doe v. Marselle,236 Conn. 845, 860, 862 (1996). While the interpretation of wilful in Doev. Marselle involved an analysis of the intent behind a different section of Chapter 368x, § 19a-583 concerning disclosure of CT Page 1998 confidential HIV-related information, absent any appellate authority to the contrary, a wilful violation under § 19a-590
is a knowing violation for all sections within the chapter to which § 19a-590 applies, including § 19a-582.
However, even under the less stringent standard of "knowing" rather than "intentional," the plaintiff has failed to allege any facts that demonstrate that the defendant's conduct in allegedly violating § 19a-582 was wilful in the sense of knowing. First, solely alleging that the defendant's conduct was "wilful," merely states a legal conclusion, not an allegation of fact. Legal conclusions are not admitted on a motion to strike, Maloneyv. Conroy, supra, 208 Conn. 394, and are therefore insufficient on their own to state a cause of action.
Second, the plaintiff has failed to allege any facts establishing wilful or knowing conduct. Although this court's research has failed to discover a definition of "knowing" in a civil context in our state's decisional law, "knowing" has been defined in Webster, Third New International Dictionary, as "with awareness" and having "cognizance or awareness." See also Statev. Jackson, 13 Conn. App. 288, 292 (1988) (ruling in a criminal context, but acknowledging the foregoing as a definition of "knowingly," although not the definition adopted by the court in that case). Therefore, the plaintiff must allege that the defendant was aware that it did not provide the appropriate pre-test and post-test counseling, such as required by § 19a-582. For example, in Doe v. Marselles supra, the court concluded that the plaintiffs allegation that an employee of the defendant "affirmatively authorized" the disclosure of confidential HIV-related information concerning the plaintiff was sufficient to constitute a wilful violation of § 19a-583 under §19a-590. In the present case, that the plaintiff failed to plead any similar facts demonstrating that the defendant's alleged violation of § 19a-582 was wilful or knowing, and therefore, that count two is legally insufficient to state a cause of action under § 19a-590.
In light of the foregoing, the defendant's motion to strike the plaintiffs complaint in whole and in part is denied as to count one and granted as to count two.
Mihalakos, J.