[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTION TO STRIKE
The plaintiff, Marie Smith, filed this action against two defendants, Mediplex of Westport, and Mediplex of Connecticut, Inc. In count one of the complaint the plaintiff alleges that she suffered injuries as a result of the negligence of Defendant Mediplex of Westport while she was a patient undergoing rehabilitative treatment at the defendant's facility. The plaintiff alleges that her injuries resulted from the negligence CT Page 3640 of the defendant, its agents, servants, employees, and/or representatives in that (a) it failed to provide a minimum of two physical therapists to assist the plaintiff with stairs being used for rehabilitation; (b) it failed to properly train or instruct the physical therapist(s) in proper techniques to be used in physical therapy with a patient in the plaintiff's condition; (c) it failed to properly advise the plaintiff in the proper and safe use of the equipment being used for the plaintiff's rehabilitation; (d) it failed to warn the plaintiff of the potential risks associated with the proper and careful use of said equipment; and (e) it left the plaintiff on said equipment when it was unsafe to do so.
In count two of the complaint, the plaintiff repeats the same allegations against Defendant Mediplex of Connecticut, Inc.
The defendants filed a motion to strike the plaintiff's complaint in its entirety on the ground that it is legally insufficient because it does not contain a good faith certificate as required by General Statutes § 52-190a. The defendants filed a memorandum of law in support of the motion to strike as required by Practice Book § 155. The plaintiff did not file a memorandum in opposition.[1]
General Statutes § 52-190a (a) provides in relevant part: "No civil action shall be filed to recover damages resulting from personal injury . . . in which it is alleged that such injury. resulted from the negligence of a health care provider, unless the attorney or party filing the action has made a reasonable inquiry . . . to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The complaint shall contain a certificate . . . that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant."
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Faulkner v.United Technologies Corp. , 240 Conn. 576, 580, 693 A.2d 293
(1997). "[T]he absence from the complaint of the statutorily required good faith certificate renders the complaint subject to a motion to strike . . . pursuant to Practice Book § 152(1) for failure to state a claim upon which relief can be granted. . . ." LeConche v. Elligers, 215 Conn. 701, 711, CT Page 3641579 A.2d 1 (1990).
In the present case, the plaintiff did not file a good faith certificate. The court must determine whether the plaintiff's complaint is subject to the requirements of General Statutes § 52-190a.
The first determination is whether the plaintiff is alleging negligence of a "health care provider." General Statutes §52-190a does not define "health care provider," but refers to "a similar health care provider as defined in section 52-184c." General Statutes § 52-184c refers to the definition of "health care provider" as defined in § 52-184b. "Health care provider" is defined in § 52-184b as "any person, corporation, facility or institution licensed by this state to provide health care or professional services, or an officer, employee or agent thereof acting in the course and scope of his employment." In the present case, the plaintiff alleges that the defendant operated a facility for the care and treatment of patients, and that she received rehabilitative treatment as a patient at this facility. The defendants are required to be licensed pursuant to General Statutes § 19a-491. This court finds that this defendant fits the definition of health care provider.
The next determination is whether the plaintiff's claims sound in medical malpractice. This court notes that in determining whether a good faith certificate is required, other trial courts have distinguished between actions against a health care provider sounding in simple negligence and those sounding in medical malpractice. A good faith certificate has not been required where the court determined that it was a simple negligence action. See Pascarelli v. Corning ClinicalLaboratories, Inc., Superior Court, judicial district of Danbury at Danbury, Docket No. 325312, 19 CONN. L. RPTR. 82 (March 25, 1997) (Moraghan, J.) (holding that allegations that defendant was negligent in erroneously informing plaintiff that his HIV test results were positive sound in ordinary negligence); Sloan v. St. FrancisHospital Medical Center, Superior Court, judicial district of New London at New London, Docket No. 536439 (November 27, 1996) (Hendel, J.) (holding that allegations that the defendant was negligent in operating a gurney while transporting the plaintiff patient sound in ordinary negligence); Shaw v. Caldor, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 135645, 13 CONN. L. RPTR. 524 (February 23, 1995) (Lewis, J.) CT Page 3642 (allegations that the defendant pharmacist was negligent in improperly filling plaintiff's prescription sound in ordinary negligence); and Delaney v. Newington Children's Hospital, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 524063 (May 9, 1994) (Wagner, J.) (allegations that defendant hospital was negligent in supervising the minor patient plaintiff and that as a result said plaintiff was sexually assaulted by a hospital roommate sound in ordinary negligence). In distinguishing these cases the courts have looked at whether medical experts would be needed to establish the standard of care because of the presence of uniquely medical issues requiring specialized knowledge. Badrigian v. ElmcrestPsychiatric Institute, 6 Conn. App. 383, 387, 505 A.2d 741
(1986).
In the present case, this court finds that the plaintiff's claims sound in medical malpractice. Expert testimony will be required to determine issues such as the "proper" techniques for a patient in the plaintiff's condition and the number of physical therapists that should have been assisting the plaintiff during a particular portion of rehabilitative treatment.
In the present case, this court finds that the plaintiff was required to file a good faith certificate, but has failed to do so. For the foregoing reasons, the defendants' motion to strike the plaintiff's complaint in its entirety is granted.
D'ANDREA, J.