[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (# 106)
The plaintiff, identified in the summons as "the Estate of Josephine Ferrara, c/o Pasqualina Fitzgerald and Vincent Ferrara" (hereinafter "the plaintiff"), filed a one count revised complaint against the defendant, St. Joseph's Living Center (hereinafter "the defendant") on September 23, 1997. The complaint alleges that the plaintiff suffered injuries as a result of the defendant's carelessness and negligence.
The defendant has now filed a motion to strike the plaintiff's complaint on the ground that the complaint fails to state a claim upon which relief may be granted for. In particular, the defendant argues that, pursuant to § 52-555,[1]
an estate cannot be a party to an action. In addition, the defendant argues that the plaintiff has failed to file a certificate of good faith inquiry as required by General Statutes § 52-190a.[2] The plaintiff has filed an objection to the motion to strike. CT Page 14966
A review of the summons and the complaint reveals some inconsistencies. While the summons lists "the Estate of Josephine Ferrara c/o Pasqualina Fitzgerald and Vincent Ferrara" as the plaintiff bringing the action, the caption to the complaint accompanying the summons identifies Pasqualina Fitzgerald, Executrix, as the plaintiff. Paragraph two of the complaint further states that "Pasqualina Fitzgerald and Vincent Ferrara were appointed co-executors of the Estate of Josephine Ferrara . . . and are now acting in such capacity in bringing the present action."
"Technically it is the summons rather than the complaint which describes the parties." Estate of Tapia v. Burns, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 284858, 10 CONN. L. RPTR. 91 (September 20, 1993) (Fuller, J.). An estate is not a legal entity and cannot initiate a suit or be sued. Issac v. MountSinai Hospital, 3 Conn. App. 598, 600, 490 A.2d 1024, cert. denied, 196 Conn. 807, 494 A.2d 904 (1985). As such, the present summons, which names an estate as the plaintiff, is facially defective and would seem to warrant the granting of a motion to strike.
In the present case, however, both the caption to the complaint and the complaint itself make perfectly clear the fact that this present action is being brought by the executors to the estate and not the estate itself. Furthermore, the caption to the summons refers to both co-executors, albeit in "c/o" the estate.
Thus, the court finds the inconsistencies in pleading of slight significance. In Chestnut Realty, Inc. v. CHIRO,201 Conn. 350, 357, 514 A.2d 749 (1986); the court held that a service is sufficient so long as it "clearly apprises all concerned that a lawsuit is being instituted, and contains notice of the return date, and the requirement for filing an appearance, and also directs a competent authority to summon the defendant." The summons and complaint in combination sufficiently identify the plaintiffs in their representative capacities so as to withstand the defendant's challenge on that ground. See Hinds v. Drew, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 374980, 3 CONN. L. RPTR. 527 (November 28, 1990, Maloney, J.).
The defendant's argument that the plaintiff has failed to file a good faith certificate raises a more significant issue for the court. As the complaint alleges a cause of action against a CT Page 14967 health care provider, General Statutes § 52-190a requires a plaintiff in a medical malpractice action to file a certificate of good faith evidencing that he or she has made a reasonable inquiry "to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant . . ." Yale University School of Medicine v.McCarthy, 26 Conn. App. 497, 501, 602 A.2d 1040 (1992). Several superior courts, however, have held that actions against health care providers sounding in ordinary negligence, rather than medical malpractice, do not require good faith certificates because in negligence actions there are no unique medical issues requiring expert testimony to establish the standard of care. SeePascarelli v. Corning Clinical Laboratories, Superior Court, judicial district of Danbury, Docket No. 325312, 19 CONN. L. RPTR. 82 (March 25, 1997) (Morghan, J.) (claim that the defendant breached a duty of ordinary care in informing the plaintiff that he was HIV positive when he was not was based in ordinary negligence); Sloanv. St. Francis Hospital Medical Center; Superior Court, judicial district of New London at New London, Docket No. 536439 (November 27, 1996) (Hendel, J.) (case read in ordinary negligence and not malpractice where the plaintiff alleged that she was injured while being transported on a gurney); Shaw v. Caldor, Inc., Judicial District of Stamford/Norwalk at Stamford, Docket No. 135645, 13 CONN. L. RPTR. 524 (February 23, 1995) (Lewis, J.) (pharmacist's failure to fill the correct prescription was a cause of action for ordinary negligence); Delaney v. Newington Children's Hospital, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 524063 (May 9, 1994) (Wagner, J.) (no uniquely medical issue involved in negligent case brought against hospital after minor plaintiff was sexually assaulted by another minor while both were patients).
"Whether the plaintiff's cause of action is one for malpractice depends upon the definition of that word and the allegations of the complaint . . . Malpractice is commonly defined as the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss or damage to the recipient of those services." Barnes v.Schlein, 192 Conn. 732, 735, 473 A.2d 1221 (1984). When the standard of care alleged to have been breached in a negligence action is provable without expert medical testimony as to the medical standard of care, the action sounds in simple negligence rather than medical negligence. Badrigan v. Elmcrest PsychiatricCT Page 14968Institute, Inc., 6 Conn. App. 383, 386, 505 A.2d 741 (1986).
The complaint alleges that the decedent, Josephine Ferrara, was a patient at a nursing home operated by the defendant and that the decedent was admitted to rehabilitate from a history of brain tumor and related complications. According to the complaint, the defendant was aware that the decedent was in a confused and disoriented condition and suffered from visual deficits.
According to the complaint, the decedent suffered injuries when, "while alone in her room, [the decedent] attempted to sit in her wheelchair. While the plaintiff was transferring herself to her wheelchair, the wheelchair moved from under her causing plaintiff to fall to the floor and sustain the injuries . . ." (Amended complaint, September 22, 1997, ¶ 7.) The plaintiff alleges that the defendant was careless and negligent in that: 1) the defendant knew that the plaintiff was in a confused and disoriented condition and, nonetheless, allowed the plaintiff unsupervised access to the wheelchair; 2) the defendant placed a wheelchair in the plaintiff's room; 3) the defendant failed to assist the plaintiff in transferring her from her bed to the wheelchair; 4) the defendant failed to lock the wheels on the plaintiff's wheelchair; 5) the defendant failed to provide video monitoring of the plaintiff's room, to prevent injury while transferring to her wheel chair; 6) failed to exercise reasonable care by failing to apply break locks on the wheelchair; 7) the defendant knew that the dangerous condition existed for more than a reasonable time; and 8) the defendant knew of the defect and failed to inspect or remedy that defect. (Amended Complaint, ¶ 10.)
In certain aspects, the plaintiff does allege conduct on the part of the defendant that can be interpreted as simple negligence. The alleged negligent supervision of a patient, for instance, has been found not to constitute a medical procedure that requires expert testimony to prove. See Badrigan v. ElmcrestPsychiatric Institute, supra, 6 Conn. App. 387; Delaney v.Newington Children's Hospital, supra, Superior Court, Docket No. 524063. Likewise, the allegation that an unlocked wheelchair was placed in the room does not suggest any indication of being an issue that requires specialized medical knowledge.
Some of these allegations, however, are premised on the belief that the defendant knew of the plaintiff's "confused and CT Page 14969 disorientated condition" and the fact that she suffered from "visual deficits." In the court's opinion, these allegations do sufficiently give rise to unique medical questions that are appropriate for expert testimony. Allegations that the plaintiff was rehabilitating from "brain tumor and related complications" do pose an inquiry that cannot be answered without implicating the appropriate standard of medical care. See Levett v. Elkind,158 Conn. 567, 573-76 (1969) (the plaintiff, an elderly and infirm woman, brought an action after falling while disrobing in the defendant doctor's office. On appeal, the Supreme Court stated that the "determination whether the decedent needed help in disrobing and, in the event she should refuse such help, what course of conduct to pursue called for a medical judgment on the part of the physician" and thus jury instructions on malpractice were appropriate).
However, there are other allegations of negligence in the complaint that are merely negligence and do not require expert medical testimony such as the claim that the defendant failed to lock the wheels on the plaintiff's wheelchair, or failed to apply break locks on the wheelchair or the alleged negligent supervision of the plaintiff.
The court, therefore, finds that while some of the allegations of negligence require specialized medical knowledge, others do not.
"If a motion to strike is directed at the entire complaint, the motion must fail if any of the plaintiff's claims is legally sufficient." Doyle v. A P Realty Corp., 36 Conn. Sup. 126,127 (1980); Kovacs v. Kasper, 41 Conn. Sup. 225, 226 (1989).
Accordingly, the motion to strike is hereby denied.
D. Michael Hurley Judge Trial Referee