[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 4467
The complaint alleges that the plaintiff, Bennie Schatz, sustained injuries when "an [unnamed] employee and/or agent of the New Haven Orthopedic Surgeons, P.C. attempted to aid the plaintiff in proper use of an arm sling." According to the complaint, this person, "acting at all times within the scope of his duties with the defendant, negligently manipulated the arm sling so that [the plaintiff's] arm fell from the sling," injuring him.
The defendant, New Haven Orthopedic Surgeons, P.C., moves to strike the plaintiff's complaint for failure of the plaintiff to file a good faith certificate, pursuant to General Statutes §52-190a. The motion is granted.
General Statutes § 52-190a provides in relevant part: "No civil action shall be filed to recover damages resulting from personal injury or wrongful death . . . in which it is allegedthat such injury or death resulted from the negligence of ahealth care provider, unless the attorney or party filing the action has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care ortreatment of the claimant. . . . The complaint or initial pleading shall contain a certificate, on a form prescribed by the rules of the superior court, of the attorney or party filing the action that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant . . . (Emphasis added.)[1]
The plaintiff maintains that he is not required to file a certificate with his action because § 52-190a only requires a certificate where negligence is alleged to have occurred in the "care or treatment of the claimant." The plaintiff argues that his complaint does not make such a claim but rather, is based on "simple negligence." The plaintiff, therefore, concludes that his complaint is not subject to a motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the . . . complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Novametrix Medical Systems v.CT Page 4468BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). Where a complaint is within the ambit of General Statutes § 52-190a, the absence of the accompanying certificate renders the complaint legally insufficient and subject to a motion to strike pursuant to Practice Book § 10-39. See LeConche v. Elligers,215 Conn. 701, 711, 579 A.2d 1 (1990); Yale University School of Medicinev. McCarthy, 26 Conn. App. 497, 502, 602 A.2d 1040 (1992).
By its plain terms, General Statutes § 52-190a requires the filing of a good faith certificate where a civil action is filed (1) to recover damages resulting from personal injury or wrongful death, whether in tort or contract; (2) alleging negligence of a health care provider; (3) in the care or treatment of the claimant or decedent.
There is no dispute that this is a civil action to recover damages for personal injury. Moreover, at oral argument, the plaintiffs attorney conceded that the defendant is a health care provider within the meaning of the statute. The remaining inquiry is whether the claimed negligence arose out of the care or treatment of the claimant.
Neither "care" nor "treatment" is defined in the statute. In such circumstances, we look to the common law approved usage of words. General Statutes § 1-1(a). "Care," in the present context, "means the prevention or alleviation of a physical or mental defect or illness." Browning v. Burt, 66 Ohio St.3d 544,557, 613 N.E.2d 993 (1993), cert. denied, 510 U.S. 1111,114 S.Ct. 1054, 127 L.Ed.2d 375 (1994); see Manpower Temporary Servicesv. Sioson, 529 N.W.2d 259, 263 (Iowa 1995). "[T]he term `medical treatment' is broad and general and includes treatment pertaining to the science of medicine." State v. Mobley, 42 Conn. Sup. 574,598, 634 A.2d 305, affirmed and adopted, 33 Conn. App. 103,633 A.2d 726 (1993), cert. denied, 228 Conn. 917, 636 A.2d 849
(1994); Head v. Colloton, 331 N.W.2d 870, 875 (Iowa 1983) (determining that the term is broad enough to embrace all steps in applying medical arts to a person).[2]
The terms "care" and "treatment" may also take meaning from the larger context of the statute. General Statutes § 52-190a
provides: "For purposes of this section, such good faith [for bringing the personal injury action] may be shown to exist if the claimant or his attorney has received a written opinion . . . of a similar health care provider as defined in section 52-184c. . . that there appears to be evidence of medicalCT Page 4469negligence."[3] (Emphasis added.) See generally Pascarelli v.Corning Clinical Laboratories, Inc., Superior Court, judicial district of Danbury, Docket No. 325312 (March 25, 1995) (19 Conn. L. Rptr. 82). "Where particular words or sections of a statute, considered separately, are imprecise, we may look to the expressed intent of the statute as a whole." United IlluminatingCo. v. Groppo, 220 Conn. 749, 756, 601 A.2d 1005 (1992)
While the term "medical negligence" also is not defined in the statute, it is generally synonymous with "medical malpractice." See Hayes v. Manchester Memorial Hospital,38 Conn. App. 471, 472-73, 661 A.2d 123, cert. denied,235 Conn. 922, 667 A.2d 1185 (1995); Mauro v. Yale-New Haven Hospital,31 Conn. App. 584, 585-86, 627 A.2d 443 (1993). "Medical" is defined as "of, relating to, or concerned with physicians or the practice of medicine"; Webster's Ninth Collegiate Dictionary (1991); and "the practice of medicine" is defined as "the science and art dealing with the maintenance of health and the prevention, alleviation, or cure of disease." Id. See also State v.Mobley, supra, 42 Conn. Sup. 598. "Malpractice is commonly defined as `the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss, or damage to the recipient of those services. . . .' Webster, Third New International Dictionary; Blacks Law Dictionary (5th Ed. 1979). . . ." Barnes v. Schlein, 192 Conn. 732, 735,473 A.2d 1221 (1984).
The complaint alleges that the defendant "attempted to aid
[the plaintiff] in proper use of an arm sling." (Emphasis added.) "Care" of a patient includes aiding him in using the arm sling. See Manpower Temporary Services v. Sioson, supra, 529 N.W.2d 263;Olmstead v. Lamphier, 93 Conn. 20, 23-4, 104 A. 488 (1918). Attempting to aid the plaintiff in the proper use of the arm sling is "treatment." See Gesmundo v. Bush, 133 Conn. 607, 612,53 A.2d 392 (1947) (doctor's instruction to plaintiff held to be treatment). In addition, the complaint alleges that the defendant "negligently manipulated the arm sling so that [the plaintiff's] arm fell from the sling. . . ." (Emphasis added.) "Manipulation" is defined as "[t]he use of the hands in a skillful manner, as reducing a dislocation, returning a hernia into its cavity, or changing the position of a fetus." (Emphasis added.) Blakiston's Gould Medical Dictionary (3d. Ed. 1972), p. 907. CT Page 4470
Applying the words of the statute as thus defined, and "constru[ing] the facts in the complaint [in a light] most [favorable] to the plaintiff"; Waters v. Autuori, 236 Conn. 820,825, 676 A.2d 357 (1996); as well as "broadly and realistically";Beaudoin v. Town Oil Co., 207 Conn. 575, 588, 542 A.2d 1124
(1988); and giving due consideration to the remedial purpose of General Statutes § 52-190a,[4] this court holds that the complaint, alleging negligent manipulation of an arm sling, is an allegation that the defendant was negligent in the care, if not in the treatment, of the plaintiff. Since the plaintiff alleges that this negligence was committed by "an employee and/or agent of the New Haven Orthopedic Surgeons, P.C." to whom the plaintiff had gone "to seek advise concerning the proper use of an arm sling which [he] needed to wear following rotator cuff surgery," this court concludes that the negligence allegedly committed in the care or treatment of the plaintiff is a claim of "medical negligence." The absence of particular words or labels does not preclude a complaint from being one for malpractice. See Dunham v. Dunham, 204 Conn. 303, 316, 528 A.2d 1123 (1987).
The plaintiff relies upon Badrigian v. Elmcrest PsychiatricInstitute, Inc., 6 Conn. App. 383, 585 A.2d 741 (1986) and two superior court cases in support of his argument that he need not file a good faith certificate. In Badrigian, which preceded the enactment of General Statutes § 52-190a, the plaintiff's decedent, who was mentally ill, was struck by a motor vehicle when he crossed from the defendant's psychiatric outpatient facility, where he had been treated, to its inpatient facility where meals were served. The decedent was unsupervised while he crossed the street. In affirming that the case did not involve medical malpractice, the appellate court stated its approval of the trial court's "[conclusion] that the alleged failure to provide a supervisor to monitor the plaintiffs decedent in safely crossing the highway was not a medical procedure."Badrigian, v. Elmcrest Psychiatric Institute, Inc., supra,6 Conn. App. 386. The court determined that the claim was one of "simple negligence" which "was provable without expert medical testimony." Id., 386. The case did not involve the application of General Statutes § 52-190a, which does not employ the term "simple negligence." Whether there has been "negligence in the care or treatment of the claimant"; General Statutes § 52-190a; and whether expert testimony is required to prove that negligence, are two very different questions. A civil action for damages alleging negligence by a health care provider in the care or treatment of the claimant may be pleaded yet the negligence CT Page 4471 may be so clear that expert evidence is not necessary to prove it. See, e.g., Console v. Nickou, 156 Conn. 268, 273,240 A.2d 895 (1968); Snyder v. Pantaleo, 143 Conn. 290, 292, 122 A.2d 21
(1956); Ardoline v. Keegan, 140 Conn. 552, 557, 102 A.2d 352
(1954); Slimak v. Foster, 106 Conn. 366, 370, 138 A. 153 (1927). Still, the action by definition is within the ambit of § 52-190a
with which the plaintiff must comply in order to maintain a legally sufficient action.
Requiring the plaintiff to comply with the requirements of §52-190a in such circumstances is not a useless, legal technicality. When a complaint or motion to strike is filed, the court (and often the parties) often do not yet know what the proof will be at trial. What may be claimed to be clear negligence may not be negligence at all or may be a matter as to which medical experts may genuinely differ in their opinion.
For these reasons, I disagree with Pascarelli v. CorningClinical Laboratories, supra, 19 Conn. L. Rptr. 82, and Sloan v.St. Francis Hospital and Medical Center, Superior Court, judicial district of New London at New London, Docket No. 536439 (November 27, 1996) (18 Conn. L. Rptr. 288), which held that where expert testimony would not be required for the plaintiff to establish the standard of care owed, a certificate of good faith is not required under § 52-190a.
The plaintiff has brought a civil action to recover damages resulting from personal injury in which he alleges negligence of a health care provider in his care or treatment. Therefore, the plaintiff's claim is within the ambit of General Statutes §52-190a. The absence of the accompanying certificate of good faith renders the complaint legally insufficient and, for this reason, the motion to strike is granted.
BY THE COURT
Bruce L. LevinJudge of the Superior Court