[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Kathryn and Timothy Skoczylas, filed a three-count complaint on April 26, 1999, against the defendant, Waterbury Hospital. The plaintiff, Kathryn Skoczylas, alleges that she was injured when she was brought to the hospital CT Page 13502 emergency room and suffered several falls as a result of the alleged negligence of certain hospital personnel. Count one alleges medical malpractice, count two alleges a breach of contract, and the third count alleges a loss of consortium.
On June 4, 1999, the defendant filed a motion to strike the plaintiffs' entire complaint on the ground that the plaintiffs failed to file a certificate of good faith in violation of General Statutes § 52-190a.
As required by the Practice Book § 10-42, the defendant has filed a memorandum in support of its motion to strike, and the plaintiffs have timely filed a memorandum in opposition. Additionally, the defendant has filed a reply to the plaintiffs' objection to the motion to strike.
A motion to strike challenges the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Peter Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270, 709 A.2d 558 (1998). Failing to attach a certificate of good faith pursuant to General Statutes §52-190a may serve as a permissible ground for a motion to strike for failure to state a claim upon which relief can be granted.Gabrielle v. Hospital of St. Raphael, 33 Conn. App. 378, 384,635 A.2d 1232, cert. denied, 228 Conn. 928, 640 A.2d 115 (1994) In assessing the legal sufficiency of a complaint, the trial court can consider only the facts alleged in the complaint. Doe v.Marselle, 38 Conn. App. 360, 364, 660 A.2d 871 (1995), rev'd on other grounds, 236 Conn. 845. 675 A.2d 835 (1996); see alsoCavallo v. Derby Savings, 188 Conn. 281, 285-86, 449 A.2d 986
(1982). A motion to strike that pertains to the entire complaint "must fail if any of the plaintiff's claim is legally sufficient." Kovacs v. Kasper, 41 Conn. Sup. 225, 226,565 A.2d 18 (1989)
The defendant argues in its memorandum in support of its motion to strike that the plaintiffs violated General Statutes § 52-190a by failing to provide a certificate of good faith in a medical malpractice case. In its reply to the plaintiffs' objection to motion to strike, the defendant further asserts that the plaintiffs contend that the defendant knew "the plaintiff was emotionally upset and had a pre-existing condition involving loss of equilibrium." As a result, the defendant asserts the plaintiffs must produce expert testimony concerning "whether the plaintiff should have been strapped to a bed and left CT Page 13503 unsupervised, whether the plaintiff should have been made to stand motionless on a stool in the x-ray room, and what was the proper nursing procedure in assisting the plaintiff from a gurney to a bed."
Conversely, the plaintiffs argue that their complaint against the defendant alleges ordinary negligence, not medical malpractice. Therefore, they are not required to file a good faith certificate.
The plaintiffs' failure to file a good faith certificate for a claim of medical malpractice as required by General Statutes § 52-190a[1] is fatal to this complaint. In accordance with the statute, a good faith medical certificate is required for any cause of action concerning medical malpractice. See LeConche v.Elligers, 215 Conn. 701, 705, 579 A.2d 1 (1990) The need for expert testimony to establish a standard of care distinguishes medical malpractice actions from claims of ordinary negligence. See Badrigian v. Elmcrest Psychiatric Institute, Inc.,6 Conn. App. 383, 386, 505 A.2d 741; Smith v. Mediplex of Westport, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 0159274 (March 25, 1998) (21 Conn. L. Rptr. 495);Pascarelli v. Corning Clinical Laboratories, Superior Court, judicial district of Danbury, Docket No. 325312 (March 25, 1997) (19 Conn. L. Rptr. 82) Involving no expert medical testimony, an action for simple negligence does not require the statutory good faith certificate. See Pascarelli v. CorningClinical Laboratories, Inc., Superior Court, judicial district of Danbury, Docket No. 525312 (March 25, 1997) (19 Conn. L. Rptr. 82);Sloan v. St. Francis Hospital and Medical Center, Superior Court, Docket No. 536439 (November 27, 1999) (18 Conn. L. Rptr. 288); Shawv. Caldor, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 135645 (February 25, 1995)
In their complaint, the plaintiffs allege that the defendant's negligence caused Kathryn to fall on three separate occasions. The plaintiffs allege that the police arrested Kathryn and brought her to the defendant because she was a suspected suicide risk. Additionally, the plaintiffs allege that Kathryn suffered from a "pre-existing condition involving loss of equilibrium." The plaintiffs allege that when Kathryn fell attempting to reach the "call button" to contact a nurse, she was negligently left alone and restrained by straps for an hour in a room. Moreover, the plaintiffs contend that Kathryn fell again CT Page 13504 when an x-ray technician negligently told her to step onto a stool even after she informed the x-ray technician of her equilibrium problem. In addition, the plaintiffs assert that two nurses negligently transported Kathryn, from a gurney to a bed, thereby causing her to fall and sustain injuries.
Establishing hospital personnel negligently left the plaintiff alone in a room for over an hour requires a medical expert to testify as to the standard of care for patients with suicidal tendencies. An expert must testify as to whether the defendant followed proper medical procedure in leaving a patient who was a suicide risk strapped in a bed for over an hour alone. See Smith v. Mediplex of Westport, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 152974 (March 25, 1998) (21 Conn. L. Rptr. 495) (expert medical testimony needed to determine "proper techniques for a patient in the plaintiff's condition")
Furthermore, determining the standard of care for Kathryn's subsequent falls under the supervision of the x-ray technician and nurses also requires expert medical testimony because the plaintiffs' complaint asserts that Kathryn's unique medical condition determined her standard of care. See Smith v. Mediplexof Westport, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 159274 (March 25, 1998) (21 Conn. L. Rptr. 495) (holding expert testimony required when "plaintiff's condition" determines standard of care); Estate of Ferrara v.St. Joseph's Living Center, Superior Court, judicial district of New London at Norwich, Docket No. 112858 (December 16, 1998) (23 Conn. L. Rptr. 567) (holding standard of care based on pre-existing condition requires expert medical testimony). In their complaint, the plaintiffs assert that "the known condition of the patient, and her needs, determine the amount of caution, attention, and protection required in the exercise of reasonable care which means that degree of care, skill and diligence ordinarily used by hospitals generally in the same or similar locality and under similar circumstances". Imputing the knowledge of Kathryn's unique medical condition to the nurses and x-ray technician in assessing the defendant's duty of care creates the need for expert medical testimony. See Estate of Ferrara v. St.Joseph's Living Center, Superior Court, judicial district of New London at Norwich, Docket No. 112858 (December 16, 1998) (23 Conn. L. Rptr. 567) ("Some of these allegations, however, are premised on the belief that the defendant knew of the plaintiff's `confused and disorientated condition' and the fact that she CT Page 13505 suffered from `visual deficits'. In the court's opinion, these allegations do sufficiently give rise to unique medical questions that are appropriate for expert testimony. . . . However, there are other allegations of negligence in the complaint that are merely negligence and do not require expert medical testimony such as the claim that the defendant failed to lock the wheels on the plaintiff's wheelchair."). Similarly, Kathryn's placement on the stool by the x-ray technician and the nurses allowing Kathryn to fall "onto a portion of the bed onto the floor" could have constituted actions for ordinary negligence if knowledge of Kathryn's pre-existing condition did not determine her standard of care.
For the reasons discussed above, the court grants the defendant's motion to strike.
Sandra Vilardi Leheny, J.