[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
CT Page 5666
The plaintiff, Henry Dorvilus, ("Dorvilus"), brought this personal injury action against the defendant Sharon E. Donovan, ("Donovan"), as conservator of Leonard A. Radford, III, ("Radford"). Radford was a patient at St-Camillus Home Inc. d/b/a St-Camillus Health Care Center, (St-Camillus"), an assisted living facility. While a patient at St-Camillus, Radford allegedly struck Dorvilus, a St-Camillus aide, in the right arm with his cane causing him injuries including but not limited to a fracture of his right forearm ulna.
Donovan, as conservator for Radford, then filed a third party complaint sounding in breach of contract and negligence against St-Camillus, the third party defendant, alleging that if Dorvilus recovers from Donovan, then St-Camillus is liable to Donovan for the amount of such recovery to which St-Camillus filed an answer and special defenses. At issue is the third party defendant, St-Camillus', motion for summary judgment as to the third party complaint.
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). "[S]ummary judgment procedure is an attempt to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a fulldress trial." United Oil Co. v. Urban RedevelopmentCommission, 158 Conn. 364, 375, 260 A.2d 596 (1969). "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book §17-49 (formerly § 384).
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp. , 233 Conn. 732, 751, 660 A.2d 810 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving part. . . ." (Internal quotation marks omitted.) Hertz Corp. v.Federal Ins. Co., 245 Conn. 374, 381, 713 A.2d 820 (1998).
St-Camillus moves for summary judgment on three grounds. Its first ground is that the contract claim is insufficient as a CT Page 5667 matter of law because the contract never required St-Camillus to maintain, upkeep, supervise and control Radford. It also argues that the third party complaint is legally insufficient in its entirety because it does not contain a good faith certificate pursuant to General Statutes § 52-190a requiring such certificates in any medical malpractice actions.[1] St-Camillus claims further that the third party complaint is barred in its entirety by the exclusivity provision of General Statutes §31-284, the worker's compensation statute.[2]
Donovan objects to St-Camillus' motion for summary judgment on four grounds. First, Donovan argues that there is a material issue of fact as to whether Radford should have been tied down when he was around others; secondly, that contract interpretation is a question of fact and, consequently, any assertion by St-Camillus of what the contract terms included is inappropriate for summary judgment; thirdly, that since St-Camillus was not performing any medical procedure when the accident happened the good faith certificate requirement of General Statutes 52-190a is inapplicable; and finally, that there is an exception to the exclusivity provision of General Statutes § 31-284 if an independent legal duty was breached by the employer, St-Camillus.
 I
"When a contract provision is unambiguous, its interpretation presents an issue of law for determination by the court. . . . When, however, a contract provision is ambiguous or contract provisions are internally inconsistent, a question of fact is involved. . . ." (Citations omitted.) Bank of Boston Connecticutv. Avon Meadow Associates, 40 Conn. App. 536, 540, 671 A.2d 1310, cert. denied, 237 Conn. 905, 674 A.2d 1329 (1996). Addressing the contract claim argument, it is apparent that the terms "[g]eneral [n]ursing [c]are," are ambiguous and susceptible to interpretation. There is disagreement between the parties as to whether it was required that Radford be tied down when he was around other people, making it apparent that there is ambiguity with regard to the meaning of the term "general nursing care."
Furthermore, the term "general nursing care" is not defined anywhere in the agreement between the parties. "The intention of the parties to a contract is to be determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. The question is not what intention existed in the minds of the parties but whatCT Page 5668intention is expressed in the language used. . . ." (Citation omitted; emphasis in original.) Connecticut Housing FinanceAuthority v. John Fitch Court Associates Ltd. Partnership,49 Conn. App. 142, 147, 713 A.2d 900, cert. denied, 247 Conn. 908,719 A.2d 901 (1998). Here, the language used, general nursing care, does not show what the parties intended. It seems reasonable to find that general nursing care could have included tying down or restraining a patient with violent tendencies. There is, therefore, a genuine issue of material fact as to St-Camillus' contractual responsibility. As such, the third party defendant's motion for summary judgment as to the contract argument is denied.
 II
"[T]he failure to attach a certificate of good faith pursuant to § 52-190a subjects the case to a motion to strike the complaint . . . for failure to state a claim upon which relief can be granted, but that . . . defect is curable by a timely amendment filed pursuant to Practice Book § [10-44 (formerly § 157)] or Practice Book § [10-59 (formerly § 175)]."Gabrielle v. Hospital of St. Raphael, 33 Conn. App. 378, 384,635 A.2d 1232, cert. denied, 228 Conn. 928, 640 A.2d 115 (1994); see also LeConche v. Elligers, 215 Conn. 701, 711, 579 A.2d 1 (1990). A motion for summary judgment is consequently the improper procedure for challenging the failure to attach a good faith certificate. See Gunther v. Maryland Casualty Co., Superior Court, judicial district of Fairfield, Docket No. 310959 (January 25, 1996, Levin, J.) (finding that where a "defendant is challenging the legal sufficiency of the complaint by way of a motion for summary judgment, rather than a motion to strike, it cannot avail itself of . . . pleading deficiencies which would have been corrected as of right by the plaintiff's filing a substitute pleading"). Under Connecticut rules of practice a party may replead within fifteen days after a motion to strike is granted. See Practice Book § 10-44 (formerly § 157); see alsoAnderson v. Schieffer, 35 Conn. App. 31, 37, 645 A.2d 549 (1994) (finding that when "a motion to strike is granted the party whose pleading is stricken is given an opportunity to replead in order to avoid a harsh result").
By contrast, a motion for summary judgment that is granted by definition ends the case, usually leaving the non-movant with no justiciable cause of action. See Practice Book § 17-49
(formerly § 384) ("[t]he judgment sought shall be rendered CT Page 5669 forthwith if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law"); see also United Oil Co. v. Urban Redevelopment Commission, supra, 158 Conn. 375 (finding that summary judgment is an attempt to dispose of cases without having to undergo the expense of trial). Accordingly, without even reaching the merits of whether a good faith certificate is necessary in this case, granting the third party defendant's motion for summary judgment would vitiate the purpose of the motion to strike and the relevant case law on good faith certificates because failure to file a good faith certificate is a defect curable by amending the pleadings.
Moreover, turning to the merits of St-Camillus' argument that a good faith certificate is required, the third party defendant presents little in terms of excluding "any real doubt as to the existence of any genuine issue of material fact. . . ." (Internal quotation marks omitted.) Miller v. United Technologies Corp. , supra, 233 Conn. 752. The fact that Donovan's third party complaint alleges ordinary contract and negligence claims suggests that there are material issues of fact as to whether this case presents uniquely medical issues that require expert testimony. See Badrigian v. Elmcrest Psychiatric Institute,6 Conn. App. 383, 387, 505 A.2d 741 (1986) (finding that a good faith certificate is required pursuant to General Statutes §52-190a if there are uniquely medical issues that require expert testimony).
Facts have been alleged and further facts could be elicited at trial showing that this is a simple negligent supervision case and thus not subject to the requirement of a good faith certificate. Furthermore, the facts of this case suggest that Dorvilus' injury could have occurred because of St-Camillus' alleged negligent supervision of Radford. Other courts deciding this very issue have found that similar facts amount to negligent supervision and not medical malpractice. See Badrigian v.Elmcrest Psychiatric Institute, supra, 6 Conn. App. 383 (finding that an outpatient at a psychiatric hospital who was struck by a car while crossing a public highway which separated several of the buildings at the institute had a cause of action against the facility sounding in simple negligence and not medical malpractice); Delaney v. Newington Children's Hospital, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 524063 (May 9, 1994, Wagner, J.) (finding that allegations that a hospital was negligent in supervising a minor plaintiff and that as a result the plaintiff was sexually CT Page 5670 assaulted by his roommate sound in ordinary negligence). Consequently, there is a material issue of fact as to whether the case before the court is one sounding in simple negligence. As such, the third party defendant's motion for summary judgment on the failure to file a good faith certificate argument is denied on both the merits and procedural grounds.
 III
"The element of an independent legal relationship for an indemnification claim may be based on a contractual relationship between the third-party plaintiff and the third-party defendant."Savino v. Christensen, Superior Court, judicial district of New Haven at New Haven, Docket No. 371390 (April 17, 1998, Fracasse,J.), citing Burkert v. Petrol Plus Naugatuck Inc., 216 Conn. 65,74, 579 A.2d 26 (1990); Ferryman v. Groton, 212 Conn. 138, 145,561 A.2d 432 (1989) (finding that an independent legal duty is an exception to the exclusive remedy provision of General Statutes § 31-284).
Here, Donovan, the third party plaintiff, has alleged an independent legal relationship by incorporating the agreement between St-Camillus and Donovan into her objection. There are material issues of fact concerning the meaning of general nursing care and whether St-Camillus had a duty to keep Radford from hitting others. Moreover, St-Camillus addresses some legal sufficiency issues in its' workers' compensation arguments which it should have raised through a motion to strike. See Burke v.Avitabile, 32 Conn. App. 765, 772, 630 A.2d 624, cert. denied,228 Conn. 908, 634 A.2d 297 (1993) (finding that "[t]he office of a motion for summary judgment is not to test the legal sufficiency of the complaint, but is to test for the presence of contested factual issues"). As such, St-Camillus' motion for summary judgment as to the workers' compensation argument is denied.
The motion for summary judgment is, therefore, denied in its entirety.
D'ANDREA, J.