ROSE H. BADRIGIAN, ADMINISTRATRIX
(ESTATE OF HARRY PETER BADRIGIAN) *v.*
ELMCREST PSYCHIATRIC INSTITUTE, INC., ET AL.
(3574)

DUPONT, C. J., SPALLONE and BIELUCH, Js.

Argued December 6, 1985—decision released March 11, 1986

*Dion W. Moore,* for the appellant-appellee (named defendant).

*Harold J. Geragosian,* for the appellee-appellant (plaintiff).

SPALLONE, J. The defendant[1] has appealed from a judgment rendered upon a jury verdict for the plaintiff in the amount of $100,110.89. The defendant filed a motion to set aside the verdict and for judgment notwithstanding the verdict, both of which the court denied. The plaintiff has cross appealed from the denial of its motion to set aside the verdict as to the amount of the verdict only.

The defendant claims that the trial court committed error (1) in denying the defendant's motion for a directed verdict and permitting the issue of the alleged negligence of the defendant to go to the jury without expert evidence of the standard of care owed by the defendant to the plaintiff's decedent, (2) in refusing to charge the jury on the elements of medical malpractice as requested by the defendant, (3) in refusing to charge the jury on the elements of care required of an owner of property to an invitee, (4) in its comments during its charge to the jury on the evidence with regard to the mental condition of the plaintiff's decedent, and (5) in submitting the case to the jury when there was no evidence introduced to establish that the decedent's injury was proximately caused by any negligence attributed to the defendant.

The plaintiff, in her cross appeal, claims that the trial court erred in not setting aside the verdict because cer-

[1] This action was brought against two defendants, Elmcrest Psychiatric Institute, Inc., and Anthony Bracha. The jury found against Elmcrest only. Therefore, in this opinion, our designation of the defendant refers to Elmcrest.

tain interrogatories presented to the jury with regard to the question of comparative negligence were contrary to the law and the evidence.

The plaintiff's decedent, Harry Peter Badrigian (Peter), was hospitalized at the defendant's facility, a psychiatric institute, where both inpatient and outpatient care and treatment are offered. Peter had entered the hospital on October 16, 1979, and remained in the hospital and received care and treatment until his discharge, against medical advice, on November 12, 1979. On the same day of his discharge, Peter was accepted as a day patient. The outpatient or day facility was located across state highway, route 66, from the main facility where the day patients, as part of their therapy and treatment, were encouraged to eat lunch. The cost of the lunch was included in the hospital charges. On November 13, 1979, Peter was at the day center for treatment and while crossing route 66 to go to lunch, he was struck by a car driven by Anthony Bracha. He died on November 18, 1979.

The plaintiff's complaint seeks damages for the wrongful death of her decedent. Its allegations are based primarily on the alleged negligence of the defendant in failing to supervise its patients, particularly in crossing the state highway. The jury applied the doctrine of comparative negligence and its final verdict reflected a finding that the plaintiff's decedent was one-third negligent. The jury also found for the driver of the vehicle and returned a defendant's verdict in his behalf.

Underlying the defendant's claims of error is its insistence that expert medical testimony was required in this case to establish the standard of care owed to the decedent by the defendant. The defendant raised this issue in a motion for a directed verdict filed after the plaintiff rested and after the defense rested. The issue

was raised again after the verdict was returned when the defendant filed motions to set aside the verdict and for judgment notwithstanding the verdict.

The trial court filed a memorandum of decision in response to all of the defendant's motions in which it rejected the defendant's theory of the case. In a well reasoned decision, the trial court concluded that the alleged failure to provide a supervisor to monitor the plaintiff's decedent in safely crossing the highway was not a medical procedure. Accordingly, it instructed the jury that the only issue to be decided was whether, in light of the evidence, a supervisor should have been provided so that the plaintiff's decedent could reach the defendant's main facility located across the highway.

The court recognized and accepted as evidence much expert medical testimony and opinion as well as the hospital record, and it accepted evidence of lay persons. This evidence related to the mental condition of the decedent and, in turn, whether the defendant should have known that he needed assistance in crossing the highway. The court correctly decided that this was not a medical malpractice action, but an action sounding in ordinary negligence and subject to proof of the standard of care owed by a reasonably prudent person under the particular facts and circumstances. See *Todd* v. *Malafronte,* 3 Conn. App. 16, 19, 484 A.2d 463 (1984).

The defendant is attempting to transform this case from one of simple negligence into that of medical malpractice requiring expert medical testimony to prove a medical standard of care and a breach thereof. The negligence alleged in the plaintiff's complaint was provable without expert medical testimony. Cf. *Levett* v. *Etkind,* 158 Conn. 567, 573–74, 265 A.2d 170 (1969); *Console* v. *Nickou,* 156 Conn. 268, 273–74, 240 A.2d 895 (1968); *Todd* v. *Malafronte,* supra. Such testimony of the mental condition of the plaintiff's decedent was;

however, helpful in establishing the ordinary negligence alleged. The expert medical testimony which was presented provided the jury with evidence of the mental condition of the decedent on the date of the accident, which was relevant only to a consideration by the jury that the plaintiff's decedent needed supervision in crossing the busy state highway, that the defendant knew or reasonably should have known of that need, that the failure to provide it constituted negligence, and to the degree of contributory or comparative negligence of the plaintiff's decedent.

The court, in effect, held that one need not be guided by medical experts in determining whether a mentally ill person should be allowed to cross on foot a heavily traveled four lane state highway without supervision. There was no esoteric or uniquely medical issue to be determined under the allegations of this case, and the court correctly categorized the negligence charged against the hospital as involving "no materia medica, nor any complex issue requiring specialized knowledge." We find no error in the court's submission of this case to the jury under the theory of simple negligence where no expert medical testimony was necessary to establish the standard of care owed to the decedent by the defendant under the circumstances alleged and proven.

Our analysis of the principles of law determining the first claim of error also determines the issues raised by the defendant's second and fourth claims of error, and as to those we also find no error.

The defendant's third claim of error, that the court should have charged the jury on the duty of care owed an invitee, is of no merit, since the accident happened on a public highway, and not on property owned by or under the possession or control of the defendant. See generally Wright & Fitzgerald, Connecticut Law of Torts § 46 et seq.

The defendant's final claim of error, that there was no evidence to establish proximate cause of the decedent's injuries and death by any negligence attributable to the defendant, also fails. Despite the claim, a review of the exhibits and transcript discloses ample evidence to allow the court to submit the issue to the jury, and also to prevent the court from setting aside the plaintiff's verdict on this ground. A jury could reasonably have concluded that a proximate cause of the decedent's death was the negligence of the defendant in failing to oversee the safe crossing of a busy highway by a mentally clouded patient in its care. Whether such evidence was sufficient for a verdict was for the jury to decide. *Eagar* v. *Barron,* 2 Conn. App. 468, 470, 480 A.2d 576 (1984); see *State* v. *Scielzo,* 190 Conn. 191, 197, 460 A.2d 951 (1983). It is also within the province of the jury to determine the credibility of and the weight to be given to the testimony of witnesses. *Gallo* v. *Gallo,* 184 Conn. 36, 38, 440 A.2d 782 (1981). The evidence supported the jury's conclusion that a proximate cause of the decedent's death was the defendant's negligence; see *Campbell* v. *Pommier,* 5 Conn. App. 29, 34, 496 A.2d 975 (1985); and the court did not abuse its discretion in denying the defendant's motion to set aside the verdict. *Labatt* v. *Grunewald,* 182 Conn. 236, 240–41, 438 A.2d 85 (1980).

Our review of the claims of error made by the plaintiff indicates, under the circumstances of this case, that the plaintiff's cross appeal is lacking in merit. The plaintiff in her preliminary statement of issues claims that the interrogatories submitted to the jury which dealt with comparative negligence were contrary to law and against the evidence. The apparent focus of the plaintiff's claim, as discussed in her brief, relates to the propriety of charging the decedent with comparative negligence, in view of his mental disability.[2]

---

[2] In her brief, the plaintiff also challenges the amount of the damages awarded as insufficient. Because this claim was not raised in the plaintiff's

The plaintiff's claim that the decedent, due to his mental disability, could not properly have been charged with comparative negligence, is unpersuasive. The cases which relate to this issue indicate that in order for an individual's mental disability to impinge upon whether that person is chargeable with negligence, the individual must be incapable of exercising reasonable care. See *King* v. *Connecticut Co.,* 110 Conn. 615, 618, 149 A. 219 (1930); *Bushnell* v. *Bushnell,* 103 Conn. 583, 590, 131 A. 432 (1925).[3] Thus, a person's mental disability is not an automatic bar to that person's liability. See *Turner* v. *Caldwell,* 36 Conn. Sup. 350, 351, 421 A.2d 876 (1980). The circumstances and facts of the particular case will determine whether an individual possesses the mental capacity required to be charged with negligence, or whether that individual is incapable of exercising reasonable care and is not responsible for his actions. See *Bushnell* v. *Bushnell,* supra. The jury had evidence as to the mental capacity of the plaintiff's decedent and could reasonably have concluded that he possessed sufficient mental capability to be charged with comparative negligence.

There is no error.

In this opinion the other judges concurred.

---

preliminary statement of issues, we decline to consider it. *State* v. *Thompson,* 5 Conn. App. 157, 160 n.3, 497 A.2d 423 (1985).

[3] Although the cases cited applied the doctrine of contributory negligence, which was substantially replaced by the doctrine of comparative negligence; see *Wendland* v. *Ridgefield Construction Services, Inc.,* 190 Conn. 791, 797–98, 462 A.2d 1043 (1983); the basic principles established in those cases for determining contributory negligence are now applicable in ascertaining the percentage of comparative negligence attributable to the plaintiff under the provisions of General Statutes § 52-572h. See *Wendland* v. *Ridgefield Construction Services, Inc.,* supra; *Gomeau* v. *Forrest,* 176 Conn. 523, 525–26, 409 A.2d 1006 (1979); *Melesko* v. *Riley,* 32 Conn. Sup. 89, 90–91, 339 A.2d 479 (1975).