[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant, Danbury Hospital, has filed a motion for summary judgment on the third count of the complaint on the ground that the claims in it require expert testimony) and that the plaintiffs have failed to disclose an expert witness that the hospital was negligent in investigation and selection of the defendant DeMasi as a resident physician. CT Page 10541
Summary judgment may be granted under section 384 of the Practice Book if the pleadings, affidavits and other proof submitted with the motion show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority, 213 Conn. 354, 364. In determining whether there is a material issue of fact, the evidence is considered in the light most favorable to the nonmoving party. Connell v. Colwell, 214 Conn. 242, 246, 247. The court applies the same test used in determining whether a party would be entitled to a directed verdict on the same facts. Connelly v. Housing Authority, supra, 364; Connell v. Colwell, supra, 247.
In a medical malpractice case, a plaintiff must produce positive evidence from an expert witness from which the trier can reasonably conclude that the defendant was negligent, except where there is shown such gross lack of care or skill to amount to an almost conclusive inference of negligence so that the testimony of an expert is not necessary. Perez v. Mount Sinai Hospital, 7 Conn. App. 514,520, 521; Puro v. Henry, 188 Conn. 301, 305. Another exception is where the issue does not involve whether there was a breach of the medical standard of care, and the negligence claimed is provable without expert medical testimony. Badrigian v. Elmcrest Psychiatric Institute, Inc., 6 Conn. App. 383, 386. In some situations, expert testimony is needed on hospital corporate negligence, and the plaintiff's failure to have an expert witness can result in a directed judgment for the defendant. Buckley v. Lovallo,2 Conn. App. 579, 582.
The third count contains three allegations of negligence: (1) failure to properly investigate the credentials and background of DeMasi; (2) failure to use reasonable care in selecting DeMasi as an employee to treat patients with emotional problems; and (3) allowing an unqualified and dangerous employee to privately treat psychiatric patients of the hospital.
Without more evidence, and considering facts testified to by non-expert witnesses, the court cannot conclude that the defendant is entitled to a directed verdict on all of the three claims of negligence, and that expert testimony is required on all of them. The defendant has not shown that it is entitled to judgment as a matter of law.
The motion for summary judgment is denied.
ROBERT A. FULLER, JUDGE CT Page 10542