[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is the defendant's motion for summary judgment based on a violation of the statute of limitations pertaining to negligence claims.
The court's review of the pleadings and documents submitted in support of and in opposition to this motion discloses that there is no genuine issue as to the following facts. The CT Page 5257-E plaintiff sues the defendant, a sexual assault counselling center, as the next friend of her three minor children who received counselling at the center because of sexual abuse purportedly perpetrated upon the children by the plaintiff's former boyfriend, Darrell Spencer. In April 1992, Spencer was arrested for sexually assaulting the children and was confined in lieu of posting $25,000 bail while his criminal case was pending.
While the children attended counselling at the center, an employee of the center, Rene Suprenat, also began counselling Spencer at jail. A personal relationship developed between Suprenat and Spencer, and, on November 25, 1992, Suprenat pledged the equity in her personal residence to meet Spencer bail, thereby releasing Spencer from confinement. The plaintiff alleges that Spencer's release from jail caused her children emotional distress and injury.
This action was commenced on January 17, 1995, more than two years after Spencer's release. After petitioning the clerk under G.S. § 52-190a(b), the statute of limitations was automatically extended for ninety days to permit the reasonable CT Page 5257-F inquiry necessary to obtain the foundation for the good faith certificate which must accompany a complaint alleging malpractice by a health care provider. Thus, this action began after the two year limitation for malpractice and negligence claims set forth in G.S. § 52-584 but within the extension of time provided for under § 52-190a(b).
 I
The defendant contends that the ninety day extension was unavailable in this case because the defendant is not a "health care provider." The court agrees.
The reasonable inquiry and good faith certificate requirements of § 52-190a pertain only to actions seeking recovery for damages resulting from personal injury caused by "the negligence of a health care provider" with respect to "the care or treatment of the claimant." Section 52-190a omits defining "health care provider," unlike other statutory sections such as G.S. §§ 19a-17b, 19a-581, and 20-7b(b) which also use the term "health care provider" and expressly define it. Section CT Page 5257-G52-190a(a) does, however, refer to the definition of "similar health care provider" contained in G.S. § 52-184c.
Section 52-184c denotes two definitions of "similar health care provider" depending on the status of the defendant. If the defendant makes no claim to being a specialist, i.e. "who is not certified by the appropriate American board as being a specialist, is not trained and experienced in a medical
specialty, or does not hold himself out as a specialist," then, under § 52-184c(b), a "similar health care provider" is one who "(1) is licensed by the appropriate regulatory agency of this state or another state requiring the same or greater qualifications; and (2) is trained and experienced in the same discipline or school of practice and such training and experience shall be as a result of the active involvement in the practice or teaching of medicine within the five-year period before the incident giving rise to the claim." (Emphasis added.) If the defendant is "a specialist, is trained and experienced in amedical specialty, or holds himself out as a specialist," then, under § 52-184c(c), a "similar health care provider" is one who "(1) [i]s trained and experienced in the same specialty; and CT Page 5257-H (2) is certified by the appropriate American board in the same specialty provided if the defendant health care provider is providing treatment or diagnosis for a condition which is not within his specialty, a specialist trained in the treatment ordiagnosis for that condition shall be considered a `similar health care provider.'" (Emphasis added.)
These definitions utilize the terms "medical," "medicine," and "treatment or diagnosis." The clear inference from such usage is that a health care provider under § 52-184c, and derivatively under § 52-190a, means a medical professional whose business is the prevention, diagnosis, or treatment of physical or mental illness. The documents submitted with this motion and the objection thereto demonstrate that there is no genuine issue that the plaintiff's children sought from the defendant counselling for the emotional distress associated with sexual abuse. The defendant provides information, counselling referrals, and victim advocacy to victims of sexual assault to help the victims cope with such emotional distress. In no way does this activity constitute medical assistance related to physical or mental illness, as opposed to emotional crisis. CT Page 5257-I
Such counselling and help appears akin to that traditionally offered by clergymen, marriage counsellors, support group leaders and others who assist those in emotional turmoil. Unquestionably, emotional trauma can spawn physical or mental illness, but that possibility does not convert sexual abuse counselling into medical assistance. Under the plaintiff's expansive interpretation of "health care provider," clergymen, marriage counsellors, guidance counsellors and support group leaders would be considered "health care providers." Characterizing a claim as medical malpractice does not make it so. Badrigian v. ElmcrestPsychiatric Institute, 6 Conn. App. 383, 386 (1986).
The court holds, as a matter of law, the defendant, a sexual abuse counselling center, is not a "health care provider" as that term is used in § 52-190a. The court concludes that, because § 52-190a applies only in cases against a health care provider and because the defendant is not such a provider, the ninety day extension of the statute of limitations is inapplicable. Consequently, the plaintiff failed to bring this action within the two-year limitation of § 52-584. CT Page 5257-J
For these reasons, the motion for summary judgment in favor of the defendant is granted.
Sferrazza, J.