[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a claim for damages for personal injuries brought by the plaintiff, Bessie Sloan, against the defendant, Saint Francis Hospital and Medical Center. The defendant has moved to strike the plaintiff's amended complaint.
The plaintiff has filed a one count amended complaint against the defendant in which she makes the following allegations. The plaintiff was admitted to the defendant's hospital and was injured while being transported on a gurney from the emergency room to her room. The defendant's agents or employees caused the gurney to strike a wall, causing injuries to the plaintiff. The employees or agents of the defendant were negligent in that they operated the gurney at a higher rate of speed having regard to the width and use of the hospital hallways, failed to maintain a reasonable distance between the wall and the patient during transport and failed to keep the gurney under control.
The defendant has moved to strike the complaint on the ground that it is legally insufficient for failure to file a good faith certificate under General Statutes § 52-190a, which states, in pertinent part:
 (a) No civil action shall be filed to recover damages resulting from personal injury . . . in which it is alleged that such injury . . . resulted from the negligence of a health care provider, unless the attorney or party filing the action has made a reasonable inquiry as permitted by the CT Page 10157 circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. . . . For purposes of this section, such good faith may be shown to exist if the claimant or his attorney has received a written opinion . . . of a similar health care provider . . . that there appears to be evidence of medical negligence.
The defendant argues that, under the express terms of §52-190a, a good faith certificate is required in all civil actions for personal injury based on the negligence of a health care provider.
The defendant claims that the plaintiff's negligence claim arises out of the conduct of the defendant in rendering medical care. Accordingly, the defendant contends that this is an action for medical malpractice, which must be proven by expert testimony and which requires submission of a good faith certificate.
The plaintiff claims that § 52-190a applies only to medical malpractice actions and that the complaint in this action alleges ordinary negligence. She maintains that the conduct alleged may be assessed based on the everyday experience of the trier of fact. Therefore, she argues that she is not required to file a good faith certificate.
Failure to attach a good faith certificate to a medical malpractice complaint renders it vulnerable to a motion to strike for failure to state a claim upon which relief can be granted.LeConche v. Elligers, 215 Conn. 701, 711 (1990). In ruling on a motion to strike, the "court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825 (1996). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id., 826.
The provisions of § 52-190a have been interpreted to apply to medical malpractice actions. See LeConche v. Elligers, supra, 215 Conn. 705. Whether the plaintiff's cause of action is one for malpractice depends upon the definition of malpractice and the allegations of the complaint. Barnes v. Schlein,192 Conn. 732, 735 (1984). Malpractice is "the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the CT Page 10158 community by the average prudent reputable member of the profession with the result of injury, loss, or damage to the recipient of those services. . . ." Id. (Internal quotation marks omitted.); Silberkleit v. Mega Life Health Ins., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 041247 (September 8, 1993, Jones, J., 8 CSCR 971) (stating that malpractice is predicated upon failure to exercise requisite medical skill).
The complaint in the present case does not allege injury caused by medical malpractice. The acts complained of were committed at a hospital, but not in the course of medical care or treatment. Unlike the cases cited by the defendant, this case presents no issue relating to the exercise of medical judgment in the care or supervision of a patient.[1]
In Badrigian v. Elmcrest Psychiatric Institute, Inc., 6 Conn. App. 383,385 (1986), the plaintiff sought damages for the wrongful death of her decedent. While under the outpatient care of the defendant, the decedent was struck by a car and fatally injured as he crossed a state highway located on the premises of the institute. The complaint was based on the alleged negligence of the defendant in failing to supervise its patients.
Underlying the plaintiff's claims of error on appeal was the contention that expert testimony was required to establish the standard of care owed to the decedent by the defendant. In response, the court stated that the "defendant is attempting to transform this case from one of simple negligence into that of medical malpractice requiring expert testimony to prove a medical standard of care and a breach thereof. The negligence alleged in the plaintiff's complaint was provable without expert medical testimony." Id., 386. The court found that there "was no esoteric or uniquely medical issue to be determined under the allegations of this case . . . nor any complex issue requiring specialized knowledge." (Internal quotation marks omitted.) Id., 387. Accordingly, the court held that there was no error in the trial court's submission of the case to the jury under the theory of simple negligence. See also Delaney v. Newington Children'sHospital, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 524063 (May 9, 1994, Wagner, J.) (relying on Badrigian to deny motion to strike complaint for failure to file good faith certificate in negligence action against hospital). CT Page 10159
The complaint in the present action alleges that the defendant's employees were careless in operating the gurney used to transport the plaintiff from the emergency room. The allegations of the complaint do not raise "esoteric or uniquely medical" issues requiring specialized medical knowledge.Badrigian v. Elmcrest Psychiatric Institute, Inc., supra, 6 Conn. App. 387. Construing the complaint in a light most favorable to the plaintiff, the facts alleged support a claim for negligence based on the breach of an ordinary duty of care, proof of which is not dependent upon expert testimony. Shaw v. Caldor, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 135645 (February 23, 1995, Lewis, J.,13 Conn. L. Rptr. 524).
A good faith certificate is not required under General Statutes § 52-190a in a negligence action against a health care provider where the allegations of the complaint constitute ordinary negligence, not medical malpractice. Accordingly, the defendant's motion to strike is denied.
Hendel, J.