[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case arises out of an automobile collision which took place between the plaintiff, Karen Gagliardi and the defendant, Traci Carello. Prior to and on the same day as the accident, defendant Carello had been a patient in apportionment defendant, Elmcrest Psychiatric Institute. The plaintiff brought this action alleging, inter alia, that Elmcrest was negligent in releasing defendant Carello and in failing to prevent her from having access to an automobile. Before this court is Elmcrest's motion to strike the complaint for failure to state a legally sufficient cause of action.
Elmcrest's primary argument is that the plaintiff's complaint CT Page 6688 must fail because, as a matter of law, it cannot be held to have had a duty to the plaintiff. Both the plaintiff and defendant Carello filed memoranda in opposition contesting the defendant's position. The issue for this court to resolve is whether or not the plaintiff's complaint asserts legally sufficient claims regarding Elmcrest and its legal duty to the plaintiff. For reasons more fully set forth in this decision, this court holds that the motion must be denied because the complaint, as pled, is legally sufficient.
Motion to Strike
A Motion to Strike is "the proper method to challenge the legal sufficiency of a complaint . . ." Gulack v. Gulack,30 Conn. App. 305, 309 (1993). When deciding a motion to strike, the trial court is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [plaintiff] [has] stated a legally sufficient cause of action." Napoletano v. CignaHealthcare of Conn., Inc., 238 Conn. 216, 232-33 (1996). "The principal function of [the motion to strike] is to enable movement beyond the allegations in the pleadings, and to assist the court in its analysis of the evidence so as to ascertain whether an actual need for trial exists." Hughes v. Bemer,200 Conn. 400, 402 (1986).
Allegations in Complaint Against Elmcrest
In Count 4 of the plaintiff's complaint, she alleges that Elmcrest was negligent, in that:
 "[t]he defendant Elmcrest . . . when it allowed [defendant Carello] to leave the hospital in one or more of the following ways:
 a. it failed to adequately and properly care for, treat, monitor, and supervise the Defendant Carello;
 b. it failed to properly order and administer medications to the Defendant Carello;
 c. it improperly allowed the Defendant Carello to be released on the morning of the collision;
 d. it improperly allowed the Defendant Carello to have access to and drive her car; CT Page 6689
 e. it improperly allowed Defendant Carello to be released from the facility unsupervised;
 f. it failed to properly provide psychiatric care with the requisite skill, knowledge, training and experience to properly care for and treat Defendant Carello;
 g. it failed to timely recognize, diagnose and treat Defendant Carello for mental instabilities and suicidal tendencies;
 h. it failed to properly monitor Defendant Carello upon her release;
 i. it failed to properly request or provide patient assessments and communications with Defendant Carello's family members upon release;
 j. it failed to properly request or provide patient assessments and communications between attending physicians and staff within the facility."
The complaint also alleges that the plaintiff was within the scope of the risk created by the Defendant.
The Duty of Elmcrest to the Plaintiff
There is no dispute that the plaintiff is, at best, a third party victim of Elmcrest's negligence. The question is whether or not the plaintiff falls within the scope of the risk created by Elmcrest's alleged misconduct. Elmcrest urges this to apply the holding in Fraser v. United States, 236 Conn. 625 (1996). InFraser, the Connecticut Supreme Court held that the defendant had no duty to a previously unknown third party vis-a-vis its relationship with an individual it treated on an out-patient basis. The Court in Fraser, held that
 "absent a special relationship of custody or control, there is no duty to protect a third person from the conduct of another. See 2 Restatement (Second), Torts § 315 (1965) . . . In any determination of whether even a special relationship should be held to give rise to a duty to exercise care to avoid harm to a third person, foreseeability plays an important role."
CT Page 6690Id. at 632.
Although Elmcrest would maintain that a motion to strike is the proper instrument to use to attack the plaintiff's complaint, deciding whether or not the requisite foreseeability is present in this case requires a factual determination that would take this court beyond the scope of the pleadings. This court acknowledges that under certain circumstances the issue of foreseeability of third party injury may be resolved on the pleadings. Wozniak v. New Britain General Hospital, Superior Court, judicial district of Hartford/New Britain at Hartford, docket number CV95-0551364, (November 15, 1995, Hennessey, J.) (The court granted the defendant's motion to strike the complaint which alleged that the hospital should be held liable for injuries the plaintiff sustained because several days earlier it had released tortfeasor Joseph Claffey. The court concluded inWozniak that the facts as pled were insufficient to show that it was or would be foreseeable to the hospital that the tortfeasor was posing a danger to the plaintiff.) However, this is not such a case.
In the instant case, unlike in the Wozniak case, there is no significant delay in time line between defendant Carello's release and the accident with the plaintiff. Rather, as was the case in Ruark v. State of Conn., Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. CV95-0471392S, (Apr. 16, 1997, J. Stengel, 1997 Ct. Sup. 4409) cited by defendant Carello in her brief, the accident in this matter closely followed the tortfeasor's release. In Ruark, the court denied the defendant's motion for summary judgment on the grounds that it could not decide, as a matter of law, whether or not the hospital owed a duty to the plaintiff after the defendant's tortfeasor was released and then intentionally and recklessly turned into on-coming traffic.
Further, there are allegations of a special relationship, custody and control which make Fraser inapplicable for the purposes of this motion.
Under Connecticut law, it is possible for Elmcrest to be held liable for injuries sustained by a third party provided the record is supported by certain facts. See, Ruark v. State, supra, and Badrigan v. Elmcrest Psychiatric Institute, Inc.,6 Conn. App. 383 (1986). This court finds that the plaintiff has sufficiently pled facts to support a cause of action against CT Page 6691 Elmcrest. Whether these alleged facts will be proven sufficient to prevail remains to be seen.
Because this court finds the pleading sufficient, Elmcrest's Motion to Strike is denied.
ANGELA CAROL ROBINSON JUDGE, SUPERIOR COURT