[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR RECONSIDERATION AND ARTICULATION
INTRODUCTION
The plaintiff has brought this action as next friend of his minor child (the "child") against Midstate Medical Center (the "hospital") for personal injuries alleged to have been sustained by the child while a patient of the hospital as a result of the hospital's negligence. The amended complaint (the "complaint") alleges that the child sustained those injuries when he fell out of a crib in which he had been placed. The paragraph of the complaint which sets forth the allegations of negligence is as follows:
CT Page 16048
 Said fall was directly and proximately caused by the negligence and/or carelessness of the (hospital) in one or more of the following ways in that;
 a. It failed to inspect the crib in a reasonable and prudent enough manner to determine the crib was dangerous because the mattress on the crib was set improperly and the crib lacked the necessary protective coverings;
 b. It failed to erect the necessary safeguards such as necessary protective coverings and appropriate mattress settings that would prevent the minor child from climbing up and falling out of its crib;
 c. It failed to properly assemble and/or maintain said crib in a sufficient fashion to prevent the minor child from falling out of it;
 d. It failed to adequately train and supervise its employees in maintaining said crib in such a way as to keep it from becoming a danger and hazard to the minor child inside;
 e. It failed to warn the Plaintiff that the crib could be dangerous when it would have been reasonable to do so.
The defendant moved to strike the complaint on the ground that "the plaintiff's claim is legally insufficient because it states a claim based on alleged medical negligence and the plaintiff has failed to file a Good Faith Certificate as required by Connecticut General Statutes Section 52-190a." That motion was denied by the court, and the defendant has now moved for reconsideration and/or articulation of that denial.
The motion to reconsider is denied, and the motion for articulation is granted.
ARTICULATION
In Badrigian v. Elmcrest Psychiatric Institute,6 Conn. App. 383 (1986), it was claimed that the defendant health care provider, a psychiatric institute, was negligent in permitting the plaintiffs decedent to cross a highway, without supervision, CT Page 16049 to get from one of the defendant's facilities to another. The defendant in that case claimed that expert testimony was required in order to establish the medical standard by which its actions should be judged. The Appellate Court, said:
 There was no esoteric or uniquely medical issue to be determined under the allegations of this case, and the court correctly categorized the negligence charged against the hospital as involving "no materia medica, nor any complex issue requiring specialized knowledge." We find no error in the court's submission of this case to the jury under the theory of simple negligence where no expert medical testimony was necessary to establish the standard of care owed to the decedent by the defendant under the circumstances alleged and proven.
Id. At 387.
In short, Badrigian stands for the proposition that a health care provider can be founds without expert medical testimony, to have committed an act of simple negligence against a patient where the negligent act was not an integral part of the medical treatment being provided. In the instant case the court concludes that the provision and maintenance of a crib for the child was incidental to, and not an integral part of, the medical treatment being provided to the child by the defendant. Accordingly, the maintenance of this action does not depend upon the plaintiff's obtaining a certificate "that there are grounds for a good faith belief that there has been negligence in the care or treatment" of the child, as required by § 52-190a of the General Statutes.
G. Levine, J.