[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff, allegedly a four year old boy, brings this action against the defendant hospital. He claims, in the revised complaint, that he fell off a stretcher while at the emergency room for observation due to poisoning.
The plaintiff claims that the defendant was negligent in failing to insure that the plaintiff was secure in his bed; that the employees failed to remain in the room to monitor the plaintiff and that they failed to place the plaintiff in a stretcher and/or bed which was used for children, specifically being enclosed by four side or other safety precautions.
The defendant moves to strike in that the plaintiff has failed to file "a good faith certificate" in what claims to be a medical malpractice action as required by Connecticut General Statutes § 52-190(a).
The plaintiff counters claiming that this is a simple negligence action which does not require a § 52-190(a) good faith certificate.
The case of Badrigian v. Elmcrest Psychiatric Institute, Inc.,6 Conn. App. 383 (1986) is instructive as to the criteria to CT Page 862 apply to determine whether cases such as this are matters of simple negligence or, conversely, are matters of medical malpractice. The court distinguishes those incidents which are matters requiring "expert medical testing to prove a medical standard of care or breach thereof' compared to those matters which are "provable without expert medical testimony." Badrigian, supra, pp. 383, 386.
Although medical testimony may not be necessary to prove the "medical standard of care and a breach thereof' this does not preclude medical testimony to establish the physical or mental "limitations of an individual in order to assist the trier in determining what care laymen would determine to be necessary to protect the individual from harm. Badrigian, supra, p. 387.
Relating those propositions to the instant action it appears that a trier of fact can determine, without the assistance of medical personnel, what safeguards, if any, are required to guard against a four year old child falling out of bed. Does an ordinary four year old child require physical supervision while resting in bed? Does an ordinary four year old child require a bed which is enclosed on four sides? In normal circumstances these are questions which should be capable of being answered by a trier of fact. However, as in Badrigian, supra, medical testimony may be appropriate as to whether the suspected illness or symptomology of the patient was such as to produce particular risks of self harm and loss of control because of disorientation, hyperactivity, or the like, which the jury may determine are different than the degree of self-control which is to be expected of an ordinary four year old. Such limited testimony as to the degree of self control of this child does not, however, convert an ordinary negligence case into a medical malpractice claim. Whether such limited medical testimony is to be furnished by the plaintiff is, of course, the proper subject of disclosure as to the testimony of experts on this limited subject.
For the reasons set forth herein, the motion to strike is denied.
L. Paul Sullivan, J.