[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
INTRODUCTION
The plaintiffs, as fiduciaries of the decedent estate of Margaret M. Beauvais (the "decedent"), brought this action against the defendant, a nursing home ("home") in which the decedent was a patient. The complaint alleges negligence by the defendant in failing to protect the decedent from a violent patient who caused the decedent's death. The defendant has moved to strike the complaint on the ground that it alleges negligence of a health care provider but does not contain a good faith certificate of the type required in a medical malpractice action by § 52-190a of the General Statutes. The plaintiff replies that the complaint alleges simple negligence, and not medical malpractice, so that no such certificate is required.
ALLEGATIONS OF COMPLAINT
The relevant allegations of the complaint, which are taken to be true for the purposes of this motion, are that:
 1) From approximately April 4, 1996 until her death on December 9, 1997, the decedent was a patient in the home; CT Page 12014
2) On December 8, 1997, the home admitted Michael J. Juraschuk as a patient;
 3) At the time of his admission on December 8, 1997. Mr. Juraschuk was suffering from advanced Alzheimer's Disease. and his discharge summary (presumably from a hospital in which he was a patient immediately before his admission to the home) stated that Mr. Juraschuk required twenty-four hour supervised care, tended to wander if not closely monitored, became agitated at times and was confused as to time. place and person. all of which was known, or should have been known, by the home:
 4) At the time of his admission on December 8, 1997, Mr. Juraschuk's physician's orders stated that he was to be checked every fifteen minutes. which was known. or should have been known, by the home:
 5) During the evening of December 8, 1997. and into the morning of December 9, 1997. Mr. Juraschuk acted in a very intrusive manner by entering other patients' rooms at the home, and he became combative and struck a member of the home's staff, all of which incidents were noted by the home's staff in their notes and records:
 6) On the morning of December 9, 1997, at approximately 8:15 a.m. Mr. Juraschuk wandered into the room of the decedent where he was met by a home employee;
 7) After making attempts to remove Mr. Juraschuk from the decedent's room, the home employee left the decedent's room in order to get others to assist her in removing Mr. Juraschuk, thereby leaving the decedent alone in her room with Mr. Juraschuk;
 8) While the home's employee was out of the decedent's room, Mr. Juraschuk became agitated and yelled at the decedent; and,
 9) A member of the home's staff then observed that Mr. Juraschuk was preparing to strike the decedent, and, as that staff member entered the decedent's room, Mr. Juraschuk grabbed the decedent's arm, CT Page 12015 twisted it and punched the decedent in the face with a closed fist, injuring the decedent and thereby causing her death, which occurred approximately two hours later.
DISCUSSION
In Badrigian v. Elmcrest Psychiatric Institute, 6 Conn. App. 383
(1986), it was claimed that the defendant health care provider, a psychiatric institute, was negligent in permitting the plaintiff's decedent to cross a highway, without supervision, to get from one of the defendant's facilities to another. The defendant in that case claimed that expert testimony was required in order to establish the medical standard by which its actions should be judged. The Appellate Court, said:
 There was no esoteric or uniquely medical issue to be determined under the allegations of this case, and the court correctly categorized the negligence charged against the hospital as involving "no materia medica, nor any complex issue requiring specialized knowledge." We find no error in the court's submission of this case to the jury under the theory of simple negligence where no expert medical testimony was necessary to establish the standard of care owed to the decedent by the defendant under the circumstances alleged and proven.
Id. At 387.
In short, Badrigian stands for the proposition that a health care provider can be found. without expert medical testimony, to have committed an act of simple negligence against a patient if the negligent act was not an integral part of the medical treatment being provided.
In the instant case the plaintiff will have the burden of proving that the home was negligent in at least one of the following respects:
 1) In failing to provide proper supervision of Mr. Juraschuk, who was, or should have been, known by the home to be a threat to other patients; and,
 2) In failing to provide adequate protection to the decedent against violence from other patients.
The court concludes that both the supervision of dangerous patients and CT Page 12016 the protection of patients from known dangers' were custodial in nature and incidental to, and not an integral part of, the medical treatment being provided by the home to the decedent. Accordingly, the maintenance of this action does not depend upon the plaintiffs' obtaining a certificate "that there are grounds for a good faith belief that there has been negligence in the care or treatment" of the decedent. as required by § 52-190a of the General Statutes.
CONCLUSION
The defendant's motion to strike is denied.
G. Levine. J.