[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Virginia DeJesus, the plaintiff, a patient at Veterans Memorial Medical Center, the defendant, was diagnosed with Lupus and confined to bed. The plaintiff alleges that the defendant failed to strap the plaintiff into her bed, raise the safety bar on her bed and keep a nurse or aide nearby to prevent the plaintiff from falling from her bed. The plaintiff did fall from her bed and was injured.
The plaintiff filed a revised complaint in one count on December 22, 1999. The defendant filed a motion to strike the revised complaint (#103) to which the plaintiff has timely filed an objection. Both parties filed supporting memoranda of law.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). "The role of the trial court [in ruling on a motion to strike is] to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [plaintiff has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378,698 A.2d 859 (1997). The court must "take the facts to be those alleged in the complaint . . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia, 253 Conn. 516, 522-23, ___ A.2d ___ (2000). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied . . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citation omitted; internal quotation marks omitted.) Doe v. YaleUniversity, 252 Conn. 641, 667, 748 A.2d 834 (2000). A motion to strike "does not admit legal conclusions or the truth or accuracy of opinions
CT Page 13344 stated in the pleadings." (Emphasis in original; internal quotation marks omitted.) Faulkner v. United Technologies Corp., supra, 240 Conn. 588.
The defendant moves to strike the plaintiff's revised complaint on the ground that the plaintiff failed to file a good faith certificate pursuant to General Statutes § 52-190a (a).[1] The defendant argues that the plaintiff's use of the phrase "in light of the plaintiff's medical condition"; (revised complaint, ¶ 6c); necessitates medical or nursing assessment and decision-making regarding the need for restraints and the standard of care such that expert testimony is necessary. The defendant argues, therefore, that the plaintiff's allegations constitute medical malpractice and a good faith certificate should have been filed. In opposition, the plaintiff argues that a good faith certificate is unnecessary because the issues are questions of ordinary negligence and may be determined by a trier of fact without expert testimony.
"The complaint or initial pleading [of a claim of negligence against a health care provider] shall contain a certificate . . . of the attorney or party filing the action that [a] reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant." General Statutes § 52-190a (a). "[T]he failure to attach a certificate of good faith pursuant to § 52-190a subjects the case to a motion to strike the complaint . . . for failure to state a claim upon which relief can be granted, but that . . . defect is curable by a timely amendment filed pursuant to Practice Book [§§ 10-44 or 10-59]."Gabrielle v. Hospital of Saint Raphael, 33 Conn. App. 378, 384,635 A.2d 1232, cert. denied., 228 Conn. 928, 640 A.2d 115 (1994).
A good faith certificate is required in medical malpractice claims. SeeYale University School of Medicine v. McCarthy, 26 Conn. App. 497, 501,602 A.2d 1040 (1992). The Superior Court has determined that a good faith certificate is not required in cases against health care providers sounding in ordinary negligence rather than medical malpractice. SeeMason v. Rockville General Hospital, Superior Court, judicial district of Tolland at Rockville, Docket No. 068416 (January 19, 2000, Sullivan,J.); Dorvilus v. Donovan, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 157928 (May 26, 1999, D'Andrea,J.).
"Whether the plaintiff's cause of action is one for malpractice depends upon the definition of that word and the allegations of the complaint."Barnes v. Schlein, 192 Conn. 732, 735, 473 A.2d 1221 (1984). Medical malpractice has been defined as "the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the CT Page 13345 average prudent reputable member of the profession with the result of injury, loss, or damage to the recipient of those services." (Internal quotation marks omitted.) Santopietro v. New Haven, 239 Conn. 207, 226,682 A.2d 106 (1996). Medical malpractice claims involve "esoteric or uniquely medical" issues. Badriaian v. Elmcrest Psychiatric Institute,6 Conn. App. 383, 386, 505 A.2d 741 (1986).
Several Superior Court decisions have found that cases requiring expert testimony constitute medical malpractice actions. See Mason v. RockvilleGeneral Hospital, supra, Superior Court, Docket No. 068416; Dorvilus v.Donovan, supra, Superior Court, Docket No. 157928. But see Schatz v. NewHaven Orthopedic Surgeons, Superior Court, judicial district of New Haven, Docket No. 415689 (April 8, 1999, Levin, J.) (holding that the test for determining the need to comply with General Statutes § 52-190a
is not the need for expert testimony but whether the complaint alleges negligence in the "care or treatment of the claimant"). Claims of medical malpractice require expert testimony "to establish the standard of proper professional skill or care. The requirement of expert testimony in malpractice cases serves to assist lay people, such as members of the jury and the presiding judge, to understand the applicable standard of care and to evaluate the defendant's actions in light of that standard." (Internal quotation marks omitted.) Paul v. Gordon, 58 Conn. App. 724,727, ___ A.2d ___ (2000). An action sounding in ordinary negligence is "subject to proof of the standard of care owed by a reasonably prudent person under the particular facts and circumstances." Badrigian v.Elmcrest Psychiatric Hospital, supra, 6 Conn. App. 386.
The defendant argues that allegations specifying consideration of the plaintiff's medical condition require expert testimony to determine the applicable standard of care. In the present case expert testimony is not necessary to determine whether the defendant took adequate precautions to prevent the plaintiff from falling from the bed. The court notes, however, that expert testimony as to the plaintiff's condition may be helpful to establish allegations of ordinary negligence because such testimony may provide the trier of fact with evidence of the condition of the plaintiff relevant to whether the plaintiff should have been restrained or supervised. See Badrigian v. Elmcrest PsychiatricInstitute, supra, 6 Conn. App. 386-87. "[Medical testimony may be appropriate as to whether the suspected illness or symptomology of the patient was such as to produce particular risks of self harm and loss of control . . . which the [trier of fact] may determine are different than the degree of self-control which is to be expected of an ordinary [patient]. Such limited testimony as to the degree of self control of this [patient] does not, however, convert an ordinary negligence case into a medical malpractice claim." Mason v. Rockville General Hospital, supra, Superior Court, Docket No. 068416. CT Page 13346
In the present case the plaintiff's allegations amount to no more than ordinary negligence. The plaintiff alleges that the defendant failed to strap her into her bed, raise the bed rail and monitor her to ensure that she would not fall from her bed. Negligent supervision by health care providers constitutes ordinary negligence, not malpractice. See Badrigianv. Elmcrest Psychiatric Institute, supra, 6 Conn. App. 383; Dorvilus v.Donovan, supra, Superior Court, Docket No. 157928 (same). The alleged negligence did not occur during a medical procedure or from any specialized medical care or treatment the defendant may have provided. The issues are not esoteric or uniquely medical. In Smith v. Mediplex ofWestport, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 159274 (March 25, 1998, D'Andrea, J.), cited by the defendant, the court found malpractice where the issue involved the proper techniques for rehabilitation of the plaintiff and the number of assistants necessary. Determining the proper methods of rehabilitation and the standard of care necessary while performing those treatments implicates specialized medical knowledge in a way that determining the potential for a patient to fall from bed does not. Accordingly, the Smith
case is not persuasive in the present action.
Reading the plaintiff's allegations in a light most favorable to sustaining the complaint; see Dodd v. Middlesex Mutual Assurance Co.,
supra, 242 Conn. 378; the court finds that the mere recitation of the words "in light of the plaintiff's medical condition" is insufficient to require expert testimony on the necessary precautions to prevent the patient from falling from her bed. Although the parties may present expert testimony as to the plaintiff's condition and its associated symptoms and effects, the question of what type of precautions should have been in place to prevent the plaintiff from falling from her bed remains an issue of ordinary negligence. The trier of fact can determine the safeguards necessary to prevent a patient from falling out of bed without expert testimony as to the standard of care.
Accordingly, the defendant's motion to strike the plaintiff's revised complaint is denied.
BY THE COURT Hon. Andre M. Kocay, J.