[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
This is an action in which plaintiff alleges that at age 87 she was admitted to defendant hospital for observation following complaints of an intermittent confusion, walking difficulty and general weakness and the next morning she was negligently permitted to sit on the edge of her bed, alone, whereupon she fell causing her injuries. CT Page 564
The defendant has moved to strike the plaintiffs complaint on the ground that the complaint is legally insufficient because the plaintiff has failed to file a good faith certificate as required by General Statutes § 52-190a. Reading the allegations in the light most favorable to the plaintiff, their resolution cannot be made without knowledge as to the circumstances of her admission, treatment and hospital standards. What constitutes, inter alia, proper procedure, oversight, supervision and control by a hospital as to an elderly patient, admitted for a CT scan and physical therapy evaluation and what is required to advise her of fall precautions, clearly required expert medical testimony to establish the hospital's standard of care. Badrigianv. Elmcrest Psychiatric Institute, Inc., 6 Conn. App. 383, 505 A.2d 741
(1986).
There is a significant difference between the situation in this case and an ordinary case of negligence occurring in a hospital such as an infant falling out of a crib, see Agosto v. Midstate Medical Center, New Haven J.D. at Meriden No. CV 99-0266516 S (December 14, 1999) (Levine, J.) (26 Conn.L.Rptr. 145).
Since the plaintiffs complaint sounds in medical malpractice and expert testimony would be required, the plaintiff was obliged by § 52-190a
to file a good faith certificate.
Defendant's motion to strike is granted.
Wagner, J.