[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Debbie Wood has brought an action in five counts against the defendant American Medical Response of Connecticut, Inc. ("AMR"). The gravamen of the complaint is a claim that the plaintiff suffered severe personal injuries as a result of a trip by ambulance over rough terrain. The first count alleges that the defendant ambulance company, acting through its agents or employees, was negligent. The second count realleges much of the first count and claims negligence as a common carrier. The third count alleges breach of an oral contract to transport the plaintiff. The fourth count alleges recklessness, and the fifth claims a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"). The defendant AMR has moved to strike each count of the complaint. The motion is granted as to two counts and denied as to three.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998); see also Practice Book § 10-39. The court must "take the facts to be those alleged in the complaint . . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Jewish Home forthe Elderly of Fairfield County, Inc. v. Cantore, 257 Conn. 531, 538,778 A.2d 93 (2001).
The first two counts allege negligence on the part of AMR: the first alleges ordinary negligence and the second alleges negligence as a common carrier, with a greater standard of care. The defendant has moved to strike both counts on the ground that a certificate of good faith has not been filed or alleged pursuant to § 52-190a of the General Statutes.
The complaint in this action alleges that the plaintiff was transferred by the defendant's ambulance service from Charlotte Hungerford Hospital in Torrington to a rehabilitation facility, also in Torrington. An improper route over rough roads was taken, and the plaintiff was allegedly jolted about and thrown against the interior of the ambulance, thus leading to fracture of the cervical spine, partial paralysis of a vocal cord, and other serious injuries. Five specifications of negligence are enumerated: one of them alleges that AMR failed adequately to secure the plaintiff to the gurney stretcher. It is only this allegation of negligence which the defendant claims should be stricken because of the absence of a certification of good faith belief in the reasonableness of the action. CT Page 7014
The majority position of the trial courts which have addressed the issue is that single paragraphs or allegations of a complaint may not be attacked by means of a motion to strike. See, e.g., Cantoni v. XeroxCorp., 1999 WL 73918 (Fineberg, J.) (1999); see also St. Amand v.Kromish, 1999 WL 99195 (Corradino, J.) (1999), with exceptions, apparently, where the paragraphs purport to state entire causes of action or where a prior request to revise was wrongfully decided. Because of the nature of the allegation in issue, I do not think it is wise to depart from the rule in the context of this case.[1] I will, however, briefly discuss the merits of the motion.
Section 52-190a provides that no civil action shall be brought to recover damages resulting from personal injury or death, "whether in tort or contract, in which it is alleged that such injury or death resulted form the negligence of a health care provider, unless the attorney or party filing the action has made a reasonable inquiry . . . to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. . . ." The complaint in such an action is, by the terms of the statute, to contain a certificate that such inquiry has been made and that there is such a good faith belief. The complaint in the present action does not contain such a certification.
The statutory requirements apply if two conditions are met. First, the defendant must be a health care provider within the meaning of §52-184b of the General Statutes. Bruttomesso v. Northeastern ConnecticutSexual Assault Crisis Services, Inc., 242 Conn. 1, 8-9 (1997). Second, § 52-190a applies only to medical malpractice actions, as opposed to actions claiming other sorts of negligence. See, e.g., Bones v. NewBritain General Hospital, 31 Conn.L.Rptr. No. 17, 613, 614 (May 6, 2002) and cases cited therein. "[T]he relevant considerations in determining whether a claim sounds in medical malpractice are whether (1) the defendants are sued in their capacities as medical professionals, (2) the alleged negligence is of a specialized medical nature that arises out of the medical professional-patient relationship, and (3) the alleged negligence is substantially related to medical diagnosis or treatment and involved the exercise of medical judgment." Trimel v. Lawrence andMemorial Hospital Rehabilitation Center, 61 Conn. App. 353, 358, appeal dismissed 258 Conn. 711 (2001).
The alleged negligence in the disputed paragraphs is that AMR "failed to adequately secure Wood to the gurney stretcher upon which she layed (sic), allowing Wood to be thrown with great force and violence against the interior of the ambulance." The defendant argues that the proof of such a claim would require expert testimony and consideration of arcane means of medical treatment. The plaintiff argues that strapping to a CT Page 7015 gurney is a more mundane subject that a jury can understand without expert guidance and does not involve issues of medical diagnosis or treatment or the exercise of medical judgment. Compare, e.g., Mason v.Rockville General Hospital, 26 Conn.L.Rptr. 239 (Sullivan, J.) (2000) (where minor plaintiff fell off a stretcher in an emergency room, limited testimony as to the degree of self-control possessed by the child does not change an ordinary negligence claim into a medical malpractice case); Agosto v. Midstate Medical Center, 26 CLR 145 (Levine, J.) (1999) (where minor plaintiff fell out of a crib, the issues were incidental to, and not an integral part of, the medical treatment being provided to the child); Sloan v. St. Francis Hospital and Medical Center, 18 CLR 288
(Hendel, J.) (1996) (where plaintiff sustained injuries as a result of a "high speed" impact with a wall because of the speed of the gurney, ordinary negligence was alleged. The dispositive issue in such cases seems to be whether there are esoteric or uniquely medical issues, or any complex issue requiring medical knowledge. Badrigian v. ElmcrestPsychiatric Institute, Inc., 6 Conn. App. 383, 387 (1986).
On the surface, there would not appear to be any particularly esoteric medical issues presented by a strapping of a patient during transport by an ambulance. Because this is all that is alleged, I cannot say that the complaint — or portion of the complaint — fails to state a cause of action which does not require a good faith certificate. The cases stated above support that determination, and the allegation of this sort of ordinary negligence is consistent with the other allegations of the paragraph in issue. It may be, on the other hand, that some feature of her condition required that Wood undergo some sort of specialized sort of restraint not generally known or understood without expert guidance, and that this knowledge fits within the criteria set forth in Trimel andBadrigian. If this situation should arise, then the trial court may well exercise judgment not to allow such evidence, on the ground that the appropriate certificate was not pled. For now, however, the allegation is sufficient to support a claim of ordinary negligence, and the motion to strike counts one and two is denied.
Count three alleges a breach of contract: it claims that AMR verbally agreed to transport Wood "directly and safely", and that AMR breached the contract by failing to "safely and directly transport the plaintiff." The same injuries are alleged as in the previous two tort counts. The defendant has moved to strike the count on the ground that this is "really" a tort action and was improperly joined.
Gazo v. Stamford, 255 Conn. 245, 263-68 (2001), controls the disposition of the issue. In Gazo, the plaintiff allegedly slipped and fell on a sidewalk, and brought an action against, inter alia, the contractor who allegedly was responsible for clearing the walk on grounds CT Page 7016 including breach of contract, on the theory that the plaintiff was a third party beneficiary of the contract between the owner and the contractor. The Supreme Court, considering the issue in depth, held that the action was really a tort action: although the duty may have been created by contract, the claim was essentially one grounded in tort, because the alleged breach was, as alleged here, not performing the contract with the requisite degree of care and the damages sought were traditional tort damages. Despite its labeling, then, the action was a tort action.
There is no significant difference between Gazo and the case at hand. Although the claim in Gazo was brought as a third party beneficiary, the distinctions between tort and contract duties and remedies remain. Nothing is added to this case by the third count. The motion to strike the third count is granted.
The fourth count alleges recklessness. It is indeed true, as argued by the defendant, that recklessness requires, in general, knowledge of a substantial risk and consciously proceeding nonetheless. See, e.g., Dubayv. Irish, 207 Conn. 518 (1988). Again, labeling is not a substitute for fact pleading. See Dumond v. Dennehy, 145 Conn. 88 (1958). Here, however, the plaintiff has specifically pled that the plaintiff pleaded with agents or employees of the defendant to stop, and they nonetheless continued with their conduct. There are facts admissible under this pleading from which a jury could find a conscious disregard sufficient to constitute recklessness. The motion to strike the fourth count is denied.
Finally, the plaintiff has alleged in the fifth count a CUTPA violation. The count essentially realleges prior paragraphs regarding the contractual arrangement, claimed recklessness and consequent physical injury and adds that the acts occurred while AMR was engaged in acts of commerce and that "said acts" constitute "unfair and/or deceptive acts or practices" in violation of CUTPA. The defendant has moved to strike this count on the ground that the facts alleged do not state a cause of action under CUTPA.
Simply stated, the issue is whether inadequate driving, pursuant to an agreement presumably to drive safely, can constitute a CUTPA violation. Although I am aware of Superior Court case which hold that a pattern of "cutting corners" by one in trade or commerce can, in some circumstances, constitute a deceptive trade practice, I do not think that the less than careful transporting alleged in this case is the sort of deceptive trade practice which the legislature intended to address. For a more detailed analysis, see Haynes v. Yale New Haven Hospital, 243 Conn. 17
(1997); see also Maderos v. City of Shelton, 2000 Ct. Sup. 3012
CT Page 7017 (Sheldon, J.) (2000), in which Judge Sheldon held, on very similar facts, that no cause of action under CUTPA was stated because the injury alleged was "personal", rather than economic, and the actionable conduct was failure to meet the standard of care. If this case were actionable under CUTPA, so would every tort claim brought against a commercial entity. The motion to strike the fifth count is granted.[2]
The motion to strike is granted as to the third and fifth counts and denied as to the first, second and fourth counts.
Beach, J.